UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTEGRATED TECHNOLOGY SOLUTIONS LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>IRACING.COM MOTORSPORT SIMULATIONS, LLC<br><br>          Defendant | Civ. A. No. 1:21-cv-11477-IT |

## RULE 26(f) CERTIFICATION AND PROPOSED SCHEDULE

The undersigned parties having satisfied their obligations under Fed. R. Civ. P. 26(f) on or about November 26, 2021, hereby propose the following schedule.  Given the possibility that Defendant's pending Motion to Dismiss (Dkt. No. 14) may dispose of this matter, the parties have agreed and propose herein that (with the exception of ¶ 1, below) the schedule in this matter should be set relative to the date 28 days after an order of the Court resolving that Motion. Although the proposed schedule begins 28 days after the Court's order on Defendant's Motion to Dismiss, it is otherwise substantially equivalent to the default schedule for patent matters set forth in Local Rule 16.6.  The parties have agreed to all items herein and have no disputes to address at the Scheduling Conference set for December 17, 2021.

1. Settlement Proposal: Plaintiff will submit a written settlement proposal to Defendant no later than seven days after the entry of the Court's ruling on Defendant's Motion to Dismiss, in accordance with Local Rule 16.1(c).

2.  <u>Initial Disclosures</u>:  The parties will exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than 42 days after the entry of the Court's ruling on Defendant's Motion to Dismiss.

3.  <u>Plaintiff's Preliminary Patent-Related Disclosures</u>:  Plaintiff will provide its preliminary disclosures pursuant to Local Rule 16.6(d)(1) no later than 49 days after the entry of the Court's ruling on Defendant's Motion to Dismiss.

4.  <u>Conference Concerning Preliminary Patent Disclosures</u>:  Pursuant to Local Rule 16.6(d)(2), the parties will meet and confer regarding the sufficiency of Plaintiff's preliminary patent disclosures no later than 70 days after the entry of the Court's ruling on Defendant's Motion to Dismiss.

5.  <u>Defendant's Preliminary Production of Technical Documents and Claim Charts</u>: Defendant will provide its preliminary disclosures pursuant to Local Rule 16.6(d)(4) no later than 91 days after the entry of the Court's ruling on Defendant's Motion to Dismiss.

6.  <u>Claim Construction</u>:

    a.  The parties will confer and exchange proposed claim terms no later than 112 days after the entry of the Court's ruling on Defendant's Motion to Dismiss.

    b.  The parties will submit to the Court a joint statement on claim construction no later than 126 days after the entry of the Court's ruling on Defendant's Motion to Dismiss.

    c.  The parties will simultaneously exchange and file opening claim construction briefs no later than 21 days after filing the joint statement.

Any party seeking to rely on expert testimony to support claim construction must include with its opening brief an expert declaration.

d.  Any party that offers an expert declaration with its opening claim construction brief must make the expert available for deposition not later than 21 days after the exchange and filing of opening claim construction briefs.

e.  The parties will simultaneously exchange and file responsive claim construction briefs no later than 42 days after the exchange and filing of opening claim construction briefs.

7.  <u>Amendments to Pleadings</u>:  Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses will be submitted more than 21 days after the pleading in question was filed with the Court.

8.  <u>Written Discovery</u>:  All written discovery, including answers to interrogatories and requests for production of documents, shall be served so that all responses will be due no later than 16 months after entry of the Court's ruling on Defendant's Motion to Dismiss or ninety days after entry of the Court's ruling on claim construction, whichever is later.  The parties will meet and confer to agree on a protocol for the production of electronically stored information (ESI).

9.  <u>Depositions of Witnesses Other Than Experts</u>:  All depositions, other than depositions of experts, will be noticed and completed no later than 60 days after the close of written discovery.

10. <u>Expert Reports</u>:  Opening expert reports regarding issues on which a Party bears the burden will be served no later than 17 months after entry of the Court's ruling on

Defendant's Motion to Dismiss or 30 days after the close of fact discovery, whichever is later.  Rebuttal expert reports will be served no later than thirty days after the deadline for filing opening expert reports.

11. <u>Depositions of Experts</u>:  All depositions of experts will be noticed and completed no later than 19 months after entry of the Court's ruling on Defendant's Motion to Dismiss or 90 days after the close of fact discovery, whichever is later.

12. <u>Dispositive Motions</u>:  Dispositive motions will be filed no later than 60 days after the close of expert discovery.

13. <u>Joint Pre-Trial Memorandum</u>:  A joint pre-trial memorandum will be submitted by the parties no later than 30 days after the Court rules on any dispositive motions or, if no such motions were filed, no later than 14 days after the deadline for filing dispositive motions.

14. <u>Subjects for Discovery</u>:  The parties believe it is not necessary to define particular topics for discovery beyond those disclosures already required by the Fed. R. Civ. P. 26(a)(1) and Local Rule 16.6(d)(1)-(4) at this early stage.  The parties agree that any disputes that arise about the relevance of particular requests for discovery should be addressed in context when they arise.

15. <u>Protective Order</u>:  The parties agree to negotiate and submit a proposed protective order to the Court no later than 42 days after entry of the Court's ruling on Defendant's Motion to Dismiss.  Until such time that the parties submit a proposed protective order and it is entered by the Court, the parties agree to be bound by the default protective order as set forth in Local Rule 16.6(d)(6).

Respectfully submitted,

Integrated Technology Solutions, LLC

iRacing.com Motorsport Simulations, LLC,

By its attorneys:

By its attorneys:

/s/ Brendan M. Shortell
Brenden Shortell, Esq.
      shortell@lambertpatentlaw.com
      MA Bar #
      LAMBERT SHORTELL &
      CONNAUGHTON
      100 Franklin Street, Suite 903
      Boston, MA 02110
      Main Line: (617) 720-0091

*/s/ Theodore J. Folkman*
Theodore J. Folkman (BBO No. 647642)
FOLKMAN LLC
53 State Street, Suite 500
Boston, MA 02109
(617) 219-7664
ted@folkman.law

Andrew D. Gish (*pro hac vice*)
  andrew@gishpllc.com
  (212) 518-7380
Marti A. Johnson (*pro hac vice*)
  marti@gishpllc.com
  (646) 701-4458
Raymond J. Bilderbeck (*pro hac vice*)
  ray@gishpllc.com
  (646) 415-1092
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010

Dated: December 10, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2021, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Brendan M. Shortell*
**BRENDAN M. SHORTELL**