# Exhibit 1

Excerpts of '241 Patent Prosecution History

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1  
Stylesheet Version v1.2

EPAS ID: PAT6788133

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

### CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| HEREFORD ZONE HOLDINGS, LLC. | 06/08/2021 |

### RECEIVING PARTY DATA

| Name: | INTEGRATED TECHNOLOGY SOLUTIONS, LLC. |
|---|---|
| Street Address: | 1712 PIONEER AVENUE, SUITE 500 |
| City: | CHEYENNE |
| State/Country: | WYOMING |
| Postal Code: | 82001 |

### PROPERTY NUMBERS Total: 1

| Property Type | Number |
|---|---|
| Patent Number: | 10046241 |

### CORRESPONDENCE DATA

Fax Number:

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

Phone: 7869533080  
Email: IOWENS@PATENTMGMT.COM  
Correspondent Name: INTEGRATED TECHNOLOGY SOLUTIONS, LLC.  
Address Line 1: 1712 PIONEER AVENUE, SUITE 500  
Address Line 4: CHEYENNE, WYOMING 82001

| NAME OF SUBMITTER: | LEIGH M. ROTHSCHILD |
|---|---|
| SIGNATURE: | /Leigh M. Rothschild/ |
| DATE SIGNED: | 06/29/2021 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

Total Attachments: 1  
source=Assignment 1#page1.tif

EXHIBIT B
ASSIGNMENT OF RIGHTS IN CERTAIN ASSETS

For good and valuable consideration, the receipt of which is hereby acknowledged, Hereford Zone Holdings LLC, a Maryland Limited Liability Company with an address at 10 Elizabeth Court, Sparks Glencoe, Maryland 21152 ("*Assignor*"), does hereby sell, assign, transfer, and convey unto Integrated Technology Solutions LLC, with an 1712 Pioneer Ave, Ste 500, Cheyenne, WY 82001 ("*Assignee*"), its right, title, and interest in and to any and all of the following provisional patent applications, patent applications, patents, and other governmental grants or issuances of any kind (the "*Certain Assets*"):

| Patent or application no. | Country | Issue Date (Filing Date) | Title of Patent and Inventors |
|---|---|---|---|
| 61/409,027 | US | 10-01-2010 | MAP<br><br>Ronald Charles Krosky and Brendan Edward Clark |
|  |  |  |  |
|  |  |  |  |

Assignor assigns to Assignee all of its rights to the inventions, invention disclosures, and discoveries in the assets listed above, together with its rights, if any, to revive prosecution of claims under such assets and to sue or otherwise enforce any claims under such assets for past, present or future infringement.

Assignor hereby authorizes the respective patent office or governmental agency in each jurisdiction to make available to Assignee all records regarding the Certain Assets.

The terms and conditions of this Assignment of Rights in Certain Assets will inure to the benefit of Assignee, its successors, assigns, and other legal representatives and will be binding upon Assignor, its successors, assigns, and other legal representatives.

DATED this 8 day of June 2021.

**Hereford Zone Holdings LLC (ASSIGNOR):**

By: _/s/ Ronald Krosky_

Name: Ronald Krosky

Title: Managing Member


**Integrated Technology Solutions LLC (ASSIGNEE):**

By: _____

Name: _____

Title: _____

PATENT                                                                                          CI108USA

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re patent application of:

| | |
|---|---|
| Appellant(s):   Ronald C. Krosky, *et al.* | Examiner:     Hoel, Matthew D. |
| Serial No:        13/194,946 | Art Unit:      3718 |
| Filing Date:    July 30, 2011 | |

Title:       OUTPUT PRODUCTION

**Mail Stop RCE**
**The Honorable Commissioner of Patents and Trademarks**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

**REQUEST FOR CONTINUED EXAMINATION (RCE)**

> MPEP 1214.07 states:
>
> Sometimes an amendment is filed after the Board's decision which presents a new or amended claim or claims…if the amendment is submitted with a request for continued examination (RCE) under 37 CFR 1.114 and the fee set forth in 37 CFR 1.17(e), prosecution of the application will be reopened and the amendment will be entered…

In view of this, and the Appeal Board's decision of April 26, 2016, this RCE is submitted and the appropriate fee is submitted concurrently.

Docket No. CI108USA

Application No. 13/194,946

**Amendments to the Claims**

Please replace the claims with those listed below:

What is claimed is:

1-3. (Cancelled)

4. (Currently Amended) A <u>map production</u> system <u>that is at least in part hardware</u>, comprising:

    an interaction component configured to receive a user request for a rendered map, where the user request ~~is an explicit request~~ submitted by a user for a specific area to be rendered <u>by way of a form</u>;

    an evaluation component configured to evaluate the <u>user</u> request that produces an evaluation result~~, where the evaluation result indicates information to gather to produce the rendered map~~;

    <u>an error component configured to identify, through use of the evaluation result, that the user request is missing a critical parameter to render the rendered map that the absence of which will not fulfill the user request;</u>

    <u>an identification component configured to identify a compensation parameter for the missing critical parameter;</u>

    a gather component configured to gather ~~the~~ <u>a</u> map data set ~~according to information the evaluation result indicates to gather~~<u>in accordance with the user request and the compensation parameter</u>; and

    ~~an analysis component configured to analyze the map data set to produce an analysis result; and~~

    a production component configured to produce the rendered map ~~based, at least in part, on the analysis result~~<u>through use of at least part of the map data set</u>, where the rendered map is retained in a computer-readable medium and where the rendered map is a rendering of the specific area.

Docket No. CI108USA

Application No. 13/194,946

5. (Currently Amended) A video game system that is at least partially hardware, comprising:

an ~~search~~ identification component configured to ~~make a determination if a base map for a rendered map is available~~ identify an action of a competitor vehicle in a racing video game that is competing against a user vehicle;

a check component configured to determine a secondary result of the action that is different from a primary action of performing the action;

~~an analysis~~ a determination component configured to ~~analyze a map data set to produce an evaluation result, where the base map is at least part of the map data set when available~~ determine an impact of the secondary result of the competitor vehicle on a map for the racing video game; and

a modification component ~~a production component~~ configured to ~~produce the rendered~~ make an alteration to the map ~~based, at least in part, on the evaluation result, where the rendered map is retained in a computer-readable medium~~ in accordance with the impact of the secondary result.

6-21. (Cancelled)

22. (Currently Amended) A system, comprising:

an interaction component configured to receive a request for a ~~rendered~~ real-world derived map based, at least in part, on a dynamic real-time parameter;

a gather component configured ~~to make a determination on if the rendered map is available after reception of the request, where the gather component is configured to obtain the rendered map if the determination is that the rendered map is available and where the gather component is configured to~~ collect ~~a map data~~ information set ~~if the determination is that the rendered map is not available~~ that details a real-time status of the dynamic real-time parameter;

~~an analysis component configured to analyze the map data set to produce an analysis result, where the analysis component is configured to analyze the map data set to produce the analysis result if the determination is that the rendered map is not available; and~~

Docket No. CI108USA

Application No. 13/194,946

a production component configured to produce the ~~rendered~~ <u>real-world derived</u> map ~~based, at least in part, on the analysis result, where the rendered map is retained in a computer-readable medium and where the production component is configured to produce the rendered map if the determination is that the rendered map is not available~~<u>that reflects the real-time status of the dynamic real-time parameter;</u>

<u>an identification component configured to identify an alteration to the information set the alteration that is due to a change in the real-time status after the real-world derived map that reflects the real-time status of the dynamic real-time parameter is produced; and</u>

<u>an update component configured to update the real-world derived map to reflect the change in the real-time status,</u>

<u>where the dynamic real-time parameter is an impermanent aspect of the real-world based map</u>.

23-41. (Cancelled)

42. (New) The system of claim 4, comprising:

a creation component configured to create a follow-up form to query the user for the missing critical parameter;

a submission component configured to submit the follow-up form to the user; and

a reception component configured to receive a response to the follow-up form from the user,

where the identification component is configured to identify the compensation parameter through use of the response to the follow-up form.

43. (New) The system of claim 4, comprising:

a search component configured to make a query of one or more databases of information with regard to the missing critical parameter,

where the query produces missing critical parameter information and

where identification component identification component is configured to identify the compensation parameter through use of at least part of information of the missing critical parameter.

44. (New) The system of claim 43, where the query of one or more databases of information is a query of previous media consumption of the user.

45. (New) The system of claim 4,

where the map data set comprises a base map of the specific area,

where the map data set comprises historical media of the specific area,

where the specific area is a real-world area,

where the user request is for the specific area is a request for a historical version of the specific area,

where the base map is not of the historical version of the specific area, and

where the production component produces the rendered map by modifying the base map in view of the historical media.

46. (New) The system of claim 4, where the gather component is unable to gather at least part of the map data set with regard to at least one aspect of the specific area and therefore has a missing data set, comprising:

a deficiency identification component configured to identify the missing data set; and

an approximation component configured to determine a substitute data set for the missing data set,

where the production component is configured to produce the rendered map through use of the substitute data set.

47. (New) The system of claim 4, comprising:

a selection component configured to select between a first data piece of the map data set and a second data piece of the map data set such that a selected data piece is designated;

where the first data piece relates to an aspect of the specific area,

Docket No. CI108USA

Application No. 13/194,946

where the second data piece relates to the aspect of the specific area,

where the first data piece and the second data piece conflict with one another, and

where the production component uses the selected data piece.

48.  (New)  The system of claim 5,

where the competitor vehicle is a vehicle of an online gaming opponent,

where the map comprises a racing boundary for the competitor vehicle and user vehicle,

where the primary action is the competitor vehicle coming into contact with a racing boundary,

where the secondary result is a visual marking to the racing boundary, and

where the alteration comprises addition of at least one visual marking to the racing boundary.

49.  (New)  The system of claim 5,

where the competitor vehicle is an artificial intelligence vehicle,

where the map comprises a racing surface upon which the competitor vehicle and user vehicle race,

where the primary action changing a speed of the competitor vehicle,

where the secondary result is a tire skid on the racing surface, and

where the alteration comprises an addition of at least one tire skid mark to the racing surface.

50.  (New)  The system of claim 5,

where the map comprises a racing surface upon which the competitor vehicle and user vehicle race,

where the primary action is the competitor vehicle driving on a racing line,

where the secondary result a disparity between the racing line and a non-racing line, and

where the alteration comprises a difference in performance between the user vehicle driving on the racing line and the user vehicle driving on the non-racing line.

51. (New) The system of claim 5, comprising:

a timer component configured to track a time from the action; and

a threshold component configured to determine when the time satisfies a threshold,

where the modification component is configured to, at least in part, undo the alteration when the time satisfies the threshold.

52. (New) The system of claim 5, comprising:

a condition component configured to identify a gaming condition;

an analysis component configured to analyze the gaming condition in view of the alteration to produce an analysis result;

where the determination component is configured to determine a change to the alteration through use of the analysis result, and

where the modification component makes a second alteration to the map in accordance with the change.

53. (New) The system of claim 52,

where the gaming condition is an increase in precipitation,

where the alteration is to add a tire remnant to a racing surface of the map, and

where the change is to remove at least part of a tire remnant.

54. (New) The system of claim 22,

where the real-world derived map is configured to be updated by the update component to reflect the change in the real-time status occurs while the real-world derived map is in use.

55. (New) The system of claim 22,

where the alteration is based on express input by a user of the map for the alteration to occur.

56. (New) The system of claim 22,

where the real-world based map is a video game vehicle road racing map and

Docket No. CI108USA

Application No. 13/194,946

where the dynamic real-time parameter is vehicle traffic.

57.    (New)  The system of claim 22, comprising:

a reception component configured to receive a user instruction to override the dynamic real-time parameter,

where the production component produces the real-world derived map in accordance with the user instruction such that the dynamic real-time parameter is overridden.

58.    (New)  The system of claim 22, comprising:

a recognition component configured to recognize an action of a competitor vehicle in a racing video game that is competing against a user vehicle while the user vehicle and competitor vehicle are engaged in the real-world derived map;

a check component configured to determine a secondary result of the action that is different from a primary action of performing the action;

a determination component configured to determine an impact of the secondary result of the competitor vehicle on a map for the racing video game; and

a modification component configured to make an alteration to the real-world derived map in accordance with the impact of the secondary result.

Docket No. CI108USA

Application No. 13/194,946

## **Remarks**

The Examiner is thanked for the detailed examination provided prior to this RCE. No new matter is presented with the claim amendments and new claims provided herewith.

As presented, the application is believed to be in condition for allowance. Prompt notification of such is respectfully requested. Should the Examiner believe a telephone interview would be helpful to expedite favorable prosecution, the co-inventors cordially invite such a call at the Examiner's convenience.

/Brendan E. Clark/                    /Ronald C. Krosky/

Brendan E. Clark                      Ronald C. Krosky

Co-Inventor                           Co-Inventor

Doc code: RCEX  Case 1:21-cv-11477-IT  Document 27-1  Filed 01/24/22  Page 13 of 14  PTO/SB/30EFS (07-09)
Doc description: Request for Continued Examination (RCE)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# REQUEST FOR CONTINUED EXAMINATION(RCE)TRANSMITTAL
## (Submitted Only via EFS-Web)

| Application Number | 13194946 | Filing Date | 2011-07-30 | Docket Number (if applicable) | CI108USA | Art Unit | 3714 |
|---|---|---|---|---|---|---|---|
| First Named Inventor | Ronald C. Krosky | | | Examiner Name | Matthew D. Hoel | | |

**This is a Request for Continued Examination (RCE) under 37 CFR 1.114 of the above-identified application.**
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. The Instruction Sheet for this form is located at WWW.USPTO.GOV

## SUBMISSION REQUIRED UNDER 37 CFR 1.114

Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

☐ Previously submitted. If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.

  ☐ Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____

  ☐ Other _____

☒ Enclosed

  ☒ Amendment/Reply

  ☐ Information Disclosure Statement (IDS)

  ☐ Affidavit(s)/ Declaration(s)

  ☐ Other _____

## MISCELLANEOUS

☐ Suspension of action on the above-identified application is requested under 37 CFR 1.103(c) for a period of months _____
(Period of suspension shall not exceed 3 months; Fee under 37 CFR 1.17(i) required)

☐ Other _____

## FEES

**The RCE fee under 37 CFR 1.17(e) is required by 37 CFR 1.114 when the RCE is filed.**
☐ The Director is hereby authorized to charge any underpayment of fees, or credit any overpayments, to Deposit Account No _____

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED

Patent Practitioner Signature
☒ Applicant Signature

Doc code: RCEX  Case 1:21-cv-11477-IT   Document 27-1   Filed 01/24/22   Page 14 of 14   PTO/SB/30EFS (07-09)
Doc description: Request for Continued Examination (RCE)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Applicant Signature | | | |
|---|---|---|---|
| Applicant 1 | | | Remove |
| Signature | /Ronald C. Krosky/ | Date (YYYY-MM-DD) | 2016-05-21 |
| Name | Ronald C. Krosky | | |
| Applicant 2 | | | Remove |
| Signature | /Brendan E. Clark/ | Date (YYYY-MM-DD) | 2016-05-21 |
| Name | Brendan E. Clark | | |
| Click ADD for additional Applicant Signature | | | Add |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*