**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INTEGRATED TECHNOLOGY SOLUTIONS LLC, | |
| Plaintiff, | Case No: 1:21-cv-11477-IT |
| vs. | Judge: Talwani |
| IRACING.COM MOTORSPORT SIMULATIONS, LLC | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW OPPOSING DEFENDANT'S MOTION FOR FEES UNDER 35 U.S.C. §285**

# TABLE OF CONTENTS

**INTRODUCTION** ........ **1**

**BACKGROUND** ........ **1**

**LEGAL STANDARD** ........ **2**

**ARGUMENT** ........ **5**

I. ITS was not on Notice of the Invalidity of the '241 Patent ........ 5

II. ITS's Actions Were Neither Frivolous nor Egregious ........ 7

III. Awarding Attorneys' Fees Would Not Deter Meritless Litigation ........ 9

IV. Objections to iRacing's Accounting of Hours ........ 9

**CONCLUSION** ........ **10**

# TABLE OF AUTHORITIES

Cases

*Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014)........................................ 2

*Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323 (Fed. Cir. 1999) ...................................... 5, 6

*Bayer Cropscience AG v. Dow Agrosciences* LLC, No. 12-256, 2015 U.S. Dist. LEXIS 30752, at *11 (D. Del. March 13, 2015), *aff'd*, 851 F.3d 1302 (Fed. Cir. 2017), ..................................... 3

*Cellspin Soft., Inc. v. Fitbit, Inc.*, 927 F.3d 1306, (Fed. Cir. 2019) ............................................... 5

*DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014) .................................. 5

*Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016) ...................................... 6

*Fonar Corp. v. General Elec. Co.*, 107 F.3d 1543 (Fed. Cir. 1997 ............................................... 8

*Gametek v. Zynga* No. CV-13-2546 RS, 2014 WL 1665090, at *1 (N.D. Cal. Apr. 25, 2014), *aff'd*, 597 F. App'x 644 (Fed. Cir. 2015) (non-precedential) ...................................... 6, 7

*Garfum.com Corp. v. Reflections by Ruth*, No. CV 14-5919-JBS-KMW, 2016 WL 7325467, at *4 (D.N.J. Dec. 16, 2016) ......................................................................................... 5, 6

In *Finnavations LLC v. Payoneer, Inc.*, No. 1:18-CV-00444-RGA, 2019 WL 1236358, at footnote 4 (D. Del. Mar. 18, 2019)............................................................................................ 4

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372 (Fed. Cir. 1027) ................. 4

*McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016)........................... 6

*My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-cv-00535-RWS-RSP, 2017 U.S. Dist. LEXIS 209273, at *4 (E.D. Tex. Dec. 19, 2017) ................................................................... 4, 5, 6

*Octane Fitness, LLC v. ICON Health &Fitness, Inc.* 572 U.S. 545 (2014)................................... 2

*Realtime Adaptive Streaming LLC v. Sling TV, LLC*, No. 17-cv-02097-RBJ, 2022 U.S. Dist. LEXIS 11607 (D. Colo. Jan. 20, 2022)......................................................................... 4

*Stone Basket Innovations, Inc. v. Cook Medical, LLC* (Stone Basket II) 2017 WL 2655612, at *4 ........................................................................................................................................ 7

*Stone Basket Innovations, Inc. v. Cook Medical, LLC*, 892 F.3d 1175 (Fed Cir, 2018)............. 3, 6

Statutes

35 U.S.C. §102........................................................................................................................... 1

35 U.S.C. §103........................................................................................................................... 1

35 U.S.C. §285........................................................................................................................... 2

## INTRODUCTION

Plaintiff, Integrated Technology Solutions, LLC, ("ITS"), opposes the motion of Defendant iRacing.com Motorsport Simulations, LLC (iRacing") for attorney fees under 35 U.S.C. §285. iRacing contends that the entire suit was frivolous and baseless, and therefore exceptional. Rather, ITS contends that it brought its suit in good faith under after diligent investigation and on reliance of the current state of the law. Furthermore, despite Defendants contentions that Plaintiff should have had notice in the face of the patent itself, Plaintiff's conjectures do not measure up to adequate notice under current §285 standards. As such, this case should not be considered exceptional, and Defendant's motion should be denied. Alternatively, the Defendant's tally of fees seems excessive and does contain duplicative entries that should be reduced before any fee award is considered.

## BACKGROUND

Inventors Ronald Krosky and Brendan Clark filed an initial provisional application for patent on November 1, 2010, and followed this provisional filing with a non-provisional perfection of that Application on July 30, 2011 (Exhibit A). This initial focus of the application was generally improved map rendering techniques in gaming technologies and how such techniques could further improve computer performance and execution of such games. However, the broader claims the inventors attempted to secure were rejected under 35 USC §§102 and 103, leading to an appeal which lasted 34 months, until April 26, 2016, and which the Inventors eventually lost (Exhibit A). After this rejection, the Inventors continued the prosecution process, further narrowing the claims until November 4, 2017, when they amended claims in the Application to narrow them by claiming subject matter already disclosed in the original Specification as variables to be utilized in the improved map rendering of the disclosed

invention, specifically tire remnants and temperature changes (Exhibit A). These claims were rejected under 35 U.S.C. §101 after the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014)but, after a single interview with the Examiner, the claims were amended in a manner the Examiner agreed would be allowable in light of *Alice* and the amended claims resulted in the issuance of the '241 patent in 2018 (Exhibit A).

After investigation into the patent, which showed that the file history did include consideration by the USPTO as to the sufficiency of the claims under §101 in light of *Alice* and numerous other cases refining that decision which on one hand affirmed patents' validity and on the other did not, and Defendant's activities, which showed sufficient evidence of infringement on those allowed claims, Plaintiff filed this suit on September 9, 2021. Defendant followed with an initial motion to dismiss on December 3, 2021, which then prompted Plaintiff's Amended Complaint on December 27, 2021, which attempted to emphasize that the patent claims were not drawn to ineligible matter. Defendant then filed its Second Motion to Dismiss, with a single added paragraph (DKT 48, ¶ 2). Plaintiff filed is response February 9, 2022. On September 8, 2022, the Court heard arguments on this matter and issued its opinion and order granting the Defendant's Second Motion to Dismiss on September 20, 2022. Defendant then filed its motion for attorneys' fees on October 14, 2022. Since then, the Parties have been negotiating a settlement of the matters at hand, and these settlement negotiations are ongoing.

## **LEGAL STANDARD**

Fee awards are governed by 35 U.S.C. §285, which simply states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court interprets this simple statement, and the definition of "exceptional" in *Octane Fitness, LLC v. ICON Health &Fitness, Inc.* 572 U.S. 545, 554 (2014) . An exceptional case, under *Octane*, is

"simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Furthermore, "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." The movant needs to show the exceptionality of the case by a preponderance of the evidence. *Octane Fitness* at 557.

Recent cases since *Octane Fitness* have turned on the question of when the Plaintiff should have had notice that its case was "exceptional." While not absolutely determinative, notice from the Defendant has been held to both satisfy this requirement, and absence of such notice has been held to be a factor in denying fee awards. In *Stone Basket Innovations, Inc. v. Cook Medical, LLC*, 892 F.3d 1175, 1181 (Fed Cir, 2018), conduct of the movant was considered as part of the totality-of-the-circumstances inquiry and failure to send "early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior" was taken with significant weight in the Court's determination that the case was not exceptional. Of note, this determination was made even though Defendant had served non-infringement contentions it claimed should have been the basis of notice. *Stone Basket.* at 1180.

Defendant has cited many cases where it contends that fees were considered without such notice, however, in these cases there was some objective factor that should have provided such notice, or the non-movant engaged in particularly egregious behavior. In *Bayer Cropscience AG v. Dow Agrosciences* LLC, No. 12-256, 2015 U.S. Dist. LEXIS 30752, at *11 (D. Del. March 13, 2015), *aff'd*, 851 F.3d 1302 (Fed. Cir. 2017), the defenses asserted by the Dow related to being a sublicense of another entity, not the validity of the patents at issue, and Bayer engaged in protracted litigation, including discovery, despite clear language in the contract that the behavior

was licensed. "Stated succinctly, the 2004 MS Tech/Bayer Agreement was subject to only one reasonable interpretation. That is, that the Agreement granted MS Tech the right to commercialize soybeans under the asserted patents." *Bayer* at 4 (internal quotation marks and citations omitted). In *Finnavations LLC v. Payoneer, Inc.*, No. 1:18-CV-00444-RGA, 2019 WL 1236358, at footnote 4 (D. Del. Mar. 18, 2019) the District court held that four separate §101 rejections should, instead of bolster a Plantiff's confidence, provide notice of weakness. In *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1379 (Fed. Cir. 1027), the Supreme Court issued its *Alice* decision mid-proceeding and the Court held that this was an objective warning to Plaintiff to re-evaluate its position in light of the new ruling. It is worth noting that fees were limited to those accrued after *Alice*. *Inventor Holdings* at 1380. In *My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-cv-00535-RWS-RSP, 2017 U.S. Dist. LEXIS 209273, at *4 (E.D. Tex. Dec. 19, 2017) the subject matter was a pre-*Alice* patent, so re-evaluation of the patent should have occurred before filing the suit. Furthermore, the Plaintiff received notice from at least one defendant ("McKesson)" that its claims were unsupportable, and that McKesson had a license which My Health did not address. My Health also spent two years avoiding substantive determination of the validity of the patent. *My Health* at *2. In addition to this, the Plaintiff's attorney engaged in misconduct by first contacting a defendant known to be represented by counsel, *Id.*, and asserting that the attorney had conferred with opposing counsel when it dismissed Hy Health's appeal when this was not factually true. *Id.* at *3. In *Realtime Adaptive Streaming LLC v. Sling TV, LLC*, No. 17-cv-02097-RBJ, 2022 U.S. Dist. LEXIS 11607 (D. Colo. Jan. 20, 2022) the Defendants provided notice to Realtime of their belief of the exceptional nature of the case after IPR proceedings which Realtme lost. *Id.* at *3. Furthermore, the patent at issue was subject to *ex parte* proceedings and received unfavorable office actions in the same month the Defendants served notice. *Id.*

The patent's presumption of validity is also to be considered in the totality of the circumstances. *My Health* at *4. This presumption includes the assumption that the patent is patent eligible. *Cellspin Soft., Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019). This presumption is also buttressed when the USPTO considers validity under §101 in the prosecution of the patent. *See, My Health* at *4 (citing *Garfum.com Corp. v. Reflections by Ruth*, No. CV 14-5919-JBS-KMW, 2016 WL 7325467, at *4 (D.N.J. Dec. 16, 2016) and *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323 (Fed. Cir. 1999).

## ARGUMENT

### I. ITS was not on Notice of the Invalidity of the '241 Patent

It should be noted that at no time did iRacing provide any notice to ITS that it considered the present litigation to be exceptional, whether early, focused, or supported; nor does it allege that it did so. Instead, iRacing tries to craft some form of inherent notice from the patent itself.

There are many factors which ITS considered before initiating this suit. Two of these factors were whether iRacing actually infringed the claims as issued and the validity of these claims under §101. As to the first, ITS still maintains that if the presented claims were held valid, iRacing would infringe those claims. As to the second, ITS considered the presumption of validity given that the patent was issues approximately four years after *Alice* and did receive and overcome a single *Alice*-based rejection based on §101 in its prosecution history, which is attached as Exhibits A1-A12 (Exhibits A4 44-71 and A5 1-8 containing the Office Action and Response in question). It should also be noted that in the Office Action, the Examiner also considered *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014), *Gametek v.*

*Zynga* No. CV-13-2546 RS, 2014 WL 1665090, at *1 (N.D. Cal. Apr. 25, 2014), *aff'd*, 597 F. App'x 644 (Fed. Cir. 2015) (non-precedential), *BASCOM Glob. Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016), *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1312 (Fed. Cir. 2016), and *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016) in addition of *Alice*. As noted in *Al-Site Corp.* at 1323, "[t]he presumption of validity under 35 U.S.C. § 282 carries with it a presumption that the Examiner did his duty and knew what claims he was allowing" and the presumption of validity "is not unreasonable when the examiner considered whether the patent was eligible under current §101 law" *My Health* at *4 (citing *Garfum.com Corp. v. Reflections by Ruth*, No. CV 14-5919-JBS-KMW, 2016 WL 7325467, at *4 (D.N.J. Dec. 16, 2016)) . In this case, the Examiner considered the claims in light of the substantial body of §101 litigation available to the USPTO at the time and determined the claims of the '241 patent allowable. While courts are not bound to the determination of the USPTO, the deference to the USPTO is represented by the heightened burden of proof defendants must meet to have a patent determined invalid, the presumption of validity is a significant entitlement to the patent holder as to those issues considered by USPTO.

Aside from ignoring the presumption of validity, iRacing's "inherent notice" standard is also problematic in the fact that it has no contours with which it could be determined that inherent notice was sufficient. Notice in the form of a defendant's objections should be "early, focused, and supported." *Stone Basket Innovations* at 1181. Accordingly, litigation activity alone has been held inadequate as notice, even in the form of invalidity charts, IPRs and adverse expert testimony from the inventor. *Id.* What was missing in *Stone Basket Innovations*, was that the Defendant, Cook, took no action "(1) to inform [Stone] it believed the lawsuit to be frivolous or unfounded; [or] (2) demand that [Stone] drop the litigation or indicate that the

asserted claims were 'clearly invalid.'" *Id.* (citing *Stone Basket Innovations, Inc. v. Cook Medical, LLC* (Stone Basket II) 2017 WL 2655612, at *4). At no time has iRacing done this. Accordingly, ITS is of the position that neither of iRacing's Motions formed adequate notice alone.

In situations where such notice has been held unnecessary, as cited by iRacing, notice was provided by something other than the patent and the later adjudicated subsequent weakness of the case – whether exceptional prosecution difficulties, unfavorable IPR decisions, plain and ignored non-infringement, egregious litigation behavior, or massive change in the state of the law. These are all factors which could, arguably, provide objective notice not only of the weakness of the case, but also of the likelihood of potential §285 damages. None of these factors are present in this case.

## II. ITS's Actions Were Neither Frivolous nor Egregious

Given a presumption of validity and evidence of infringement, it should come as no surprise that ITS filed a lawsuit. In the course of litigation, ITS later filed an amended complaint and a single response to iRacing's Second Motion to Dismiss. An appeal is pending. It is hard to say that these actions measure up to the level of the egregious conduct seen in other cases where §285 fee awards have been granted. Of note, in the fees motion related to *Gametek v. Zynga* No. CV 13-2546 RS, 2014 WL 4351414, at *2 (N.D. Cal. Sept. 2, 2014), the court noted that "post-Octane decisions awarding fees have concerned egregious behavior" and recited a laundry list of behavior in which plaintiffs, desperately no doubt, engaged. ITS has engaged in no shenanigans, no hiding of its "undesirable facts," and no efforts to extend litigation to avoid the a substantive decision. Instead of running away to "live" another day ITS proceeded for a determination of the merits of the case. It did voluntarily dismiss two other actions in California

on its own volition to concentrate in this single forum, but this is not egregious but sensible given the solo practice of the lead attorney.

Amending the complaint after the initial motion to dismiss is further not frivolous due to the uncertainty in the law presented by the junction of *Alice* and *Fonar Corp. v. General Elec. Co.*, 107 F.3d 1543 (Fed. Cir. 1997). In *Fonar*, it is specifically held that claiming general components, like those in the '241 patent, might be the best way to structure claim elements. *Fonar* at 1549. This case has not been directly addressed in light of *Alice* and later cases. As far as this attorney can tell the closest treatment prior to this case was declination to extend. As a result, there is a grey area as to what this case means, or if it still means anything at all. Seeking clarity on this issue alone has merit, even if it results in a lopsided decision. Other than the additional causes of action, the amendments to the Complaint were intended to maintain this incongruity in the law for resolution.

In both the response to iRacing's Motion to Dismiss and at the hearing, Plaintiff endeavored to have the Court consider the systems disclosed within the patent as they could be applied to tire tread remnants and temperature, including the division of the track into discrete sections, checking the status of the discrete section of track, and then modifying the game track based upon those checks. This was an effort to show the claims were enabled and had the requisite detail within the Specification to survive the §101 challenge. From its opinion and order, this Court did listen to those entreaties, evaluated them, and found them wanting. iRacing seems to indicate that ITS's responses showed lack of substance due to their brevity. This is not the case. The point of ITS's response was to have the court consider this evaluation, which it thought would be adequate. Accordingly, the response filed by ITS accomplished what it wanted

to happen, and if the request is simple, it does not have to entail much in the way of page length. The result may not have been what ITS wanted but being in error is not frivolous.

## III. Awarding Attorneys' Fees Would Not Deter Meritless Litigation

By now, the pattern of Non-Producing Entities, or NPE's, is well known. It can be described as "hit-and-run." The NPE hits by filing a volume of lawsuits to extract nuisance settlements. It then runs by settling the lawsuits for those who pay a license fee or dismisses them in the cases where defendants fight back. Fees in this case will not deter meritless litigation, particularly by NPEs, because this is not what happened here. Both ITS and iRacing knew this was not a case where ITS was seeking a nuisance settlement. In iRacing's own evaluations of the case in its motion, it sets the value of the case as between $1 and 10 million (Declaration of Andrew Gish ¶12 DKT 49) – hardly a nuisance value. ITS was intending to evaluate a reasonable royalty during a discovery phase, and even now does not know what such a value might have been but was not seeking a simple one-time payment. As stated before, ITS sought a definitive answer as to the validity of the '241 patent, believing that answer would be in its favor. This is not usual NPE behavior. Instead of deterrence, this strategy will encourage the status quo of NPE behavior and deters them instead from bringing their patents to the light of day so that the merits of their claims can be evaluated, even if it is determined that their patents are worthless.

## IV. Objections to iRacing's Accounting of Hours

Other than sticker shock (ITS's lead attorney has an hourly rate nearly one-third of the Gish PLLC's partner rate), ITS understands that most of the disparity is found in the practice locations of each attorney. As a result, ITS has no objection to the base hourly rates *per se*.

Nonetheless, ITS is somewhat incredulous regarding the sheer amount of time billed by iRacing's attorneys, even with the professed exclusion of time spent on items iRacing is not attempting to recover, especially if this is truly such a baseless case as iRacing is contending. At the highest billable rate iRacing is proposing, three attorneys would have expended over 150 hours for what should have been, according to the Defendant, a simple §101 analysis of a case that was disposed of before an answer was even filed. ITS contends that this should also be considered when determining whether the case was meritless.

## CONCLUSION

Defendant, by and through counsel, requests that the Court deny Plaintiff's Motion for Attorney's Fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and under 35 USC § 285 due to lack of notice, lack of Defendant's bad faith conduct, lack of deterrence value in such a fee order, and issues present in Plaintiff's own accounting of hours.

Respectfully Submitted this 2nd day of December, 2022

/s/ Geoffrey E. Dobbin
Geoffrey E. Dobbin, Esq. *pro hac vice*
Geoff@DobbinIPLaw.com
UT Bar #9371
DOBBIN IP LAW, P.C.
2250 S Redwood Road, Suite 5
West Valley City, UT 84119-1355
Main Line: (801) 969-6609

Brendan Shortell, Esq.
shortell@lambertpatentlaw.com
LAMBERT SHORTELL & CONNAUGHTON
100 Franklin Street, Suite 903
Boston, MA 02110
Main Line: (617) 720-0091

Attorneys for Plaintiff, INTEGRATED TECHNOLOGY SOLUTIONS, LLC