# Exhibit A-5

'241 Patent Filewrapper, fifth 70 pages

Application/Control Number: 13/194,946                                          Page 13
Art Unit: 3714

inventive are "insufficient to pass the test of an inventive concept in the application" of an

abstract idea. *buySAFE*, 765 F.3d at 1353, 1355; *see, e.g.*, *Mortg. Grader, Inc. v. First Choice*

*Loan Servs. Inc.*, 811 F.3d 1314, 1324–25 (Fed. Cir. 2016); *Intellectual Ventures I LLC v.*

*Capital One Bank (USA)*, 792 F.3d 1363, 1370 (Fed. Cir. 2015); *Internet Patents*, 790 F.3d at

1348–49; *Content Extraction*, 776 F.3d at 1347–48."

9.      The examiner has reviewed the specification and has no suggestion at the

present time as to how to amend the claims to comply with 101.


### *Response to Arguments*

2.      Applicant's arguments filed 11-04-2017 have been fully considered but they are

not persuasive.  The examiner has updated the search and has not found the claimed

skidmarks impeding vehicle performance in the gaming or simulation arts.  A 101

rejection applies in light of updated 101 guidance.  *Zynga is most applicable to the claim*

*language since it pertains to the interactions of objects in a game.*  Claim 1 of U.S.

patent 7,076,445 B1 was representative of the claims in question in Gametek vs. Zynga.

The U.S. District Court for Northern California found these claims to be ineligible under

101, and was upheld by the Federal Circuit.  Patent '445 is relevant to the present

claims since it discusses transactions involving in-game object like the present claims

do.  The claims at question in Gametek did not add anything "significantly more" to the

abstract idea to bring it in compliance with 101 in light of Alice.

A method of managing the operation of a game which includes a game environment, and is programmed
to control a gaming action for at least one of a plurality of users, said managing method using a
programmed computer to effect the following steps:

        a) tracking the activity of the at least one user in the course of the gaming action;

b) permitting the at least one user to create an account for receiving a consideration of the at least one user, the at least one user having a set of demographics;

c) determining the eligibility of the at least one user to purchase at least one of a plurality of game objects, said eligibility determining comprises the following sub steps:

i) permitting the at least one user to select the at least one game object,

ii) setting the purchase price of the at least one game object, and

iii) comparing the account balance of the at least one user's consideration with the set price of the at least one game object and, determining if the balance of the user's consideration is not less than the set price, determining the at least one user to be eligible to purchase the at least one game object;

d) displaying in the game environment a purchase price of the at least one game object;

e) presenting to the at least one user an offer to purchase the game object dependent upon a group of game parameters comprising the tracked activity of the at least one gaming action of the at least one user and, the one game environment or the one set of demographics of the least one user

f) permitting the at least one user to purchase the at least one game object at the set purchase price without interrupting the gaming action of the at least one user; and

g) supplying the at least one purchased game object to the at least one user without interrupting the gaming action of the at least one user and incorporating the game object into the game.

10.    The Bascom decision is relevant to the present claims (U.S. CAFC, 2015-1763, decided June 27th, 2016).  The Bascom decision required that *the ordered limitations of the claims taken together add something "significantly more" to the abstract idea even though the individual limitations were known in the prior art.*  The claim at hand in Bascom was found to comply with 101 in light of Alice.  Page 15 of Bascom:

"However, we disagree with the district court's analysis of the ordered combination of limitations. In light of *Mayo* and *Alice*, it is of course now standard for a § 101 inquiry to consider whether various claim elements simply recite "well-understood, routine, conventional activit[ies]." *Alice*, 134 S. Ct. at 2359. The district court's analysis in this case, however, looks similar to an obviousness analysis under 35 U.S.C. § 103, except lacking an explanation of a reason to combine the limitations as claimed. The inventive

Application/Control Number: 13/194,946                                    Page 15
Art Unit: 3714

concept inquiry requires more than recognizing that each claim element, by itself, was known in the art. As is the case here, an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." **Page 20 of Bascom:** "While the claims of the '606 patent are directed to the abstract idea of filtering content, BASCOM has adequately alleged that the claims pass step two of *Alice's* two-part framework. BASCOM has alleged that an inventive concept can be found in the ordered combination of claim limitations that transform the abstract idea of filtering content into a particular, practical application of that abstract idea. We find nothing on this record that refutes those allegations as a matter of law or justifies dismissal under Rule 12(b)(6). We therefore vacate the district court's order granting AT&T's motion to dismiss under FRCP 12(b)(6) and remand so that the case may proceed."

11.      The McRO decision (U.S. CAFC, 2015-1080 to 2015-1101, decided Sept. 13th, 2016) is relevant to the present claims.  The McRO decision stated that *an ordered combination of claim limitations can meet the requirements of 101 in light of the Alice decision by improving over what has been already done in the prior art without preempting an abstract idea.*  Pages 25 and 26 of McRO: "The limitations in claim 1 prevent preemption of all processes for achieving automated lip-synchronization of 3-D characters. McRO has demonstrated that motion capture animation provides an alternative process for automatically animating lip synchronization and facial expressions. Even so, we have recognized that "the absence of complete preemption does not demonstrate patent eligibility." *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015). The narrower concern here is whether the claimed genus of rules preempts all techniques for automating 3-D animation that rely on rules. Claim 1 requires that the rules be rendered in a specific way: as a relationship between subsequences of phonemes, timing, and the weight to which each phoneme is expressed visually at a particular timing (as represented by the morph weight set). The specific structure of the claimed rules would prevent broad preemption of all rules-based means of automating lip synchronization, unless the limits of the rules themselves are broad enough to cover all

possible approaches. There has been no showing that any rules-based lip synchronization process must use rules with the specifically claimed characteristics." Page 27 of McRO: "Here, the structure of the limited rules reflects a specific implementation not demonstrated as that which "any [animator] engaged in the search for [an automation process] would likely have utilized." *Myriad*, 133 S. Ct. at 2119–20 (quotation marks omitted). By incorporating the specific features of the rules as claim limitations, claim 1 is limited to a specific process for automatically animating characters using particular information and techniques and does not preempt approaches that use rules of a different structure or different techniques. *See Morse*, 56 U.S. at 113. When looked at as a whole, claim 1 is directed to a patentable, technological improvement over the existing, manual 3-D animation techniques. The claim uses the limited rules in a process specifically designed to achieve an improved technological result in conventional industry practice. *Alice*, 134 S. Ct. at 2358 (citing *Diehr*, 450 U.S. at 177). Claim 1 of the '576 patent, therefore, is not directed to an abstract idea." The claim limitations individually and taken together do not add anything "significantly more" in an ordered combination to the abstract idea.

### *Conclusion*

12.     The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.  U.S. Patent Documents 5,445,024 A; 2004/0103004 A1; 2004/0103006 A1; and 8,224,031 B2 teach measuring a vehicle's skid acceleration or speed.

13.     Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP § 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

Application/Control Number: 13/194,946                                    Page 17
Art Unit: 3714

14.    A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

15.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Matthew D. Hoel whose telephone number is (571)272-

5961.  The examiner can normally be reached on 8:00 A.M. to 4:30 P.M..

16.    Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool. To schedule an

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

17.    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, David L. Lewis can be reached on (571) 272-7673.  The fax phone number

for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 13/194,946                                    Page 18
Art Unit: 3714

18.     Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system

/M. D. H./

Examiner, Art Unit 3714

/DAVID L LEWIS/
Supervisory Patent Examiner, Art Unit 3714

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Notice of References Cited*** | | 13/194,946 | KROSKY ET AL. |
| | | Examiner | Art Unit | |
| | | Matthew D. Hoel | 3714 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-8,224,031 B2 | 07-2012 | Saito; Toru | G06K9/6205 | 348/187 |
| * | B | US-2004/0103006 A1 | 05-2004 | Wahlbin, Stefan | G06Q40/04 | 705/4 |
| * | C | US-2004/0103004 A1 | 05-2004 | Wahlbin, Stefan | G06Q10/10 | 705/4 |
| * | D | US-5,445,024 A | 08-1995 | Riley, Jr.; Claude R. | G01P1/127 | 346/7 |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 13081 | G07F17/34.CPC. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 12:30 |
| L2 | 17783 | G07F17/3244.CPC. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 12:31 |
| L3 | 9621 | G07F17/3267.CPC. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 12:31 |
| L4 | 6 | ("20030119581" \| "20090124346" \| "20120122531" \| "20130079108" \| "6908383" \| "7892092").PN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/20 12:32 |
| L5 | 10 | ("6908383" "6918832" "6988947" "20060223611" "7229350" "7235011" "20071049270" "7273415" "7335102" "7364507" "7407435").PN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/20 12:33 |
| L6 | 15 | L4 or L5 | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/20 12:33 |
| L7 | 375 | ("2003/0119581" \| "2006/0223611" \| "2009/0124346" \| "2012/0122531" \| "2013/0079108").URPN. | USPAT | OR | ON | 2018/02/20 12:34 |
| L12 | 792 | ("20010009865" \| "20010040341" \| "20020010017" \| "20020010018" \| "20020045474" \| "20020077173" \| "20020077178" \| "20020098888" \| "20020107065" \| "20030036430" \| "20030040355" \| "20030040360" \| "20030045350" \| "20030060254" \| "20030060272" \| "20030073483" \| "20030078093" \| "20030083126" \| "20030134242" \| "20030162584" \| "20030162585" \| "20030162588" \| "20030162591" \| "20030171145" \| "20030203753" \| "20030216162" \| "20040002372" \| "20040023707" \| "20040023709" \| "20040038729" \| "20040038731" \| "20040048649" \| | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/20 12:34 |

"20040053669" | "20040180710" |
"20040185928" | "20040214632" |
"20050020346" | "20050020354" |
"20050032567" | "20050037829" |
"20050049035" | "20050101375" |
"20050130729" | "20050187010" |
"20050215316" | "20050233801" |
"20050266914" | "20050266917" |
"20060003837" | "20060247028" |
"20070060274" | "20070087840" |
"2743108" | "3904207" | "4182515" |
"4184683" | "4448419" | "4582324" |
"4624459" | "4695053" | "4775155" |
"4836553" | "4991848" | "5046737" |
"5083787" | "5092598" | "5116055" |
"5178390" | "5205555" | "5342047" |
"5380007" | "5382025" | "5393057" |
"5395119" | "5397128" | "5407200" |
"5423539" | "5449173" | "5456465" |
"5501455" | "5511781" | "5522142" |
"5524888" | "5536016" | "5542669" |
"5547201" | "5560603" | "5611535" |
"5639089" | "5647798" | "5655961" |
"5664332" | "5664998" | "5711525" |
"5743524" | "5755619" | "5762552" |
"5769716" | "5772506" | "5772509" |
"5775692" | "5788573" | "5810360" |
"5816915" | "5823873" | "5823874" |
"5833536").PN. OR ("5833538" |
"5848932" | "5851148" | "5855514" |
"5873781" | "5882259" | "5882261" |
"5893718" | "5902184" | "5911418" |
"5911419" | "5918880" | "5919088" |
"5931467" | "5935002" | "5944315" |
"5947820" | "5951012" | "5951397" |
"5964463" | "5967894" | "5971849" |
"5976016" | "5980384" | "5984310" |
"5984781" | "5988638" | "5996997" |
"5997400" | "5997401" | "6003867" |
"6004207" | "6007066" | "6012982" |
"6015346" | "6016338" | "6019369" |
"6029976" | "6033307" | "6045129" |
"6056642" | "6059289" | "6059658" |
"6062980" | "6065753" | "6068552" |
"6089976" | "6089977" | "6089978" |
"6093102" | "6102798" | "6113103" |
"6120031" | "6120376" | "6126541" |
"6126542" | "6135884" | "6135885" |
"6142873" | "6142874" | "6142875" |
"6146273" | "6149156" | "6159095" |
"6159096" | "6159097" | "6159098" |
"6162121" | "6165070" | "6165071" |
"6168520" | "6168523" | "6173955" |
"6174233" | "6174235" | "6176487" |
"6179291" | "6186894" | "6189888" |
"6190254" | "6190255" | "6193606" |
"6203429" | "6210279" | "6213876" |
"6220959" | "6224483" | "6227972" |
"6231442" | "6231445" | "6234897" |
"6237913" | "6251013" | "6261177" |
"6270079" | "6270409" | "6270411" |
"6273424" | "6290600" | "6302790" |
"6305686" | "6309300" | "6311976" |
"6311979" | "6312334" | "6315660" |

| | | "6315663" \| "6315664" \| "6319124" \| "6319125" \| "6328649" \| "6340158" \| "6342007" \| "6346043" \| "6347996" \| "6364766" \| "6364767" \| "6364768" \| "6368218" \| "6375187" \| "6394902" \| "6394907" \| "6398218" \| "6398644" \| "6398645").PN. OR ("6406020" \| "6406369" \| "6409172" \| "6413160" \| "6413161" \| "6428412" \| "6435500" \| "6435506" \| "6435511" \| "6439993" \| "6439995" \| "6443452" \| "6443837" \| "6446971" \| "6464582" \| "6468156" \| "6471208" \| "6478676" \| "6481713" \| "6491584" \| "6494785" \| "6506118" \| "6511068" \| "6511375" \| "6514141" \| "6517432" \| "6520855" \| "6523829" \| "6537152" \| "6540230" \| "6551187" \| "6561897" \| "6561900" \| "6561904" \| "6569015" \| "6569016" \| "6572472" \| "6582307" \| "6585591" \| "6595854" \| "6599185" \| "6599192" \| "6602135" \| "6602136" \| "6602137" \| "6604740" \| "6607437" \| "6632141" \| "6648754" \| "6659864" \| "6669559" \| "6682421" \| "6688977" \| "6692355" \| "6719632" \| "6722981" \| "6722982" \| "6722985" \| "6726563" \| "6733389" \| "6749504" \| "6758750" \| "6769184" \| "6776711" \| "6786820" \| "6793579" \| "6796901" \| "6796905" \| "6805349" \| "6808452" \| "6808454" \| "6811483" \| "6852028" \| "6852030" \| "6866586" \| "6869360" \| "6878061" \| "6881146" \| "6890257" \| "6899623" \| "6905406" \| "6905411" \| "6908383" \| "6913532" \| "6913533" \| "6921335" \| "6942566" \| "6942567" \| "6955600" \| "6960132" \| "6966833" \| "6971953" \| "6971955" \| "6971956" \| "7001273" \| "7063617" \| "7118478" \| "7156738").PN. OR ("6908383" \| "6918832" \| "6988947" \| "7229350" \| "7235011" \| "7273415" \| "7335102" \| "7364507" \| "7407435" \| "7892092").URPN. | | | |
| L13 | 1137 | L7 or L12 | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/20 12:34 |
| L14 | 817 | monopoly and 463/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 12:39 |
| L15 | 444 | monopoly and 463/$.ccls. | USPAT | OR | ON | 2018/02/20 12:39 |
| L16 | 392 | (multiple or many or several or plural) with (path or road or course) with (bonus or second or secondary or feature or extra) with game | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 12:45 |

| | | | | | | |
|---|---|---|---|---|---|---|
| L17 | 660 | A63F13/422.cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 13:44 |
| L18 | 3681 | A63F13/57,573,577.cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 13:45 |
| L19 | 2625 | A63F13/803.cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 13:45 |
| L20 | 3529 | A63F2300/8017.cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 13:47 |
| L21 | 537 | ((skid or tyre or tire or wheel or rubber) with (mark or stain or remnant or residue) or (skidmark)) with (slow$3 or reduc$4 or imped$4 or retard$5 or impact$3) with (perform$4 or speed or velocity or accelerat$3 or decelerat$3 or momentum or inertia) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 13:49 |
| L22 | 8 | ("20080291216" \| "20110131172" \| "20080293464" \| "20020072418" \| "20080291220" \| "20080293488" \| "20080227548" \| "20120306923").PN. | US-PGPUB; USPAT; USOCR | OR | ON | 2018/02/20 13:50 |
| L23 | 162 | ("2002/0072418" \| "2008/0227548" \| "2008/0291216" \| "2008/0291220" \| "2008/0293464" \| "2008/0293488" \| "2011/0131172" \| "2012/0306923").URPN. | USPAT | OR | ON | 2018/02/20 13:50 |
| L24 | 2 | L21 and (463/$.ccls. or A63F$.cpc.) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 13:51 |
| L25 | 2128 | 463/6,58-69.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2018/02/20 13:58 |

**EAST Search History (Interference)**

< This search history is empty>

**2/ 20/ 2018 1:59:11 PM**
**C:\ Users\ mhoel\ Documents\ EAST\ Workspaces\ 13194946, 02-19-2018.wsp**

| *Index of Claims* | Application/Control No.<br><br>13194946 | Applicant(s)/Patent Under Reexamination<br><br>KROSKY ET AL. |
|---|---|---|
| | Examiner<br><br>BACH HOANG | Art Unit<br><br>3718 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/19/2012 | 02/21/2013 | 08/08/2016 | 03/07/2017 | 08/07/2017 | 02/20/2018 | | | |
| | 1 | ✓ | - | - | - | - | - | | | |
| | 2 | ✓ | ✓ | - | - | - | - | | | |
| | 3 | ✓ | - | - | - | - | - | | | |
| | 4 | ✓ | ✓ | ÷ | - | - | - | | | |
| | 5 | ✓ | ✓ | ÷ | ✓ | ✓ | ✓ | | | |
| | 6 | ✓ | ✓ | - | - | - | - | | | |
| | 7 | - | - | - | - | - | - | | | |
| | 8 | - | - | - | - | - | - | | | |
| | 9 | - | - | - | - | - | - | | | |
| | 10 | - | - | - | - | - | - | | | |
| | 11 | - | - | - | - | - | - | | | |
| | 12 | - | - | - | - | - | - | | | |
| | 13 | - | - | - | - | - | - | | | |
| | 14 | - | - | - | - | - | - | | | |
| | 15 | - | - | - | - | - | - | | | |
| | 16 | - | - | - | - | - | - | | | |
| | 17 | - | - | - | - | - | - | | | |
| | 18 | - | - | - | - | - | - | | | |
| | 19 | - | - | - | - | - | - | | | |
| | 20 | - | - | - | - | - | - | | | |
| | 21 | ✓ | ✓ | - | - | - | - | | | |
| | 22 | ✓ | ✓ | ÷ | - | - | - | | | |
| | 23 | ✓ | ✓ | - | - | - | - | | | |
| | 24 | ✓ | ✓ | - | - | - | - | | | |
| | 25 | ✓ | ✓ | - | - | - | - | | | |
| | 26 | ✓ | ✓ | - | - | - | - | | | |
| | 27 | ✓ | ✓ | - | - | - | - | | | |
| | 28 | ✓ | - | - | - | - | - | | | |
| | 29 | ✓ | - | - | - | - | - | | | |
| | 30 | ✓ | - | - | - | - | - | | | |
| | 31 | ✓ | ✓ | - | - | - | - | | | |
| | 32 | ✓ | - | - | - | - | - | | | |
| | 33 | ✓ | ✓ | - | - | - | - | | | |
| | 34 | ✓ | - | - | - | - | - | | | |
| | 35 | | ✓ | - | - | - | - | | | |
| | 36 | | ✓ | - | - | - | - | | | |

Part of Paper No. : 20180220

| *Index of Claims* | Application/Control No.<br><br>13194946 | Applicant(s)/Patent Under Reexamination<br><br>KROSKY ET AL. |
|---|---|---|
| | Examiner<br><br>BACH HOANG | Art Unit<br><br>3718 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant　　☐ CPA　☐ T.D.　☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/19/2012 | 02/21/2013 | 08/08/2016 | 03/07/2017 | 08/07/2017 | 02/20/2018 | | |
| | 37 | | ✓ | - | - | - | - | | |
| | 38 | | ✓ | - | - | - | - | | |
| | 39 | | ✓ | - | - | - | - | | |
| | 40 | | ✓ | - | - | - | - | | |
| | 41 | | ✓ | - | - | - | - | | |
| | 42 | | | ÷ | - | - | - | | |
| | 43 | | | ÷ | - | - | - | | |
| | 44 | | | ÷ | - | - | - | | |
| | 45 | | | ÷ | - | - | - | | |
| | 46 | | | ÷ | - | - | - | | |
| | 47 | | | ÷ | - | - | - | | |
| | 48 | | | ÷ | ✓ | ✓ | - | | |
| | 49 | | | ÷ | ✓ | ✓ | - | | |
| | 50 | | | ÷ | ✓ | ✓ | - | | |
| | 51 | | | ÷ | ✓ | ✓ | - | | |
| | 52 | | | ÷ | ✓ | ✓ | - | | |
| | 53 | | | ÷ | ✓ | ✓ | - | | |
| | 54 | | | ÷ | - | - | - | | |
| | 55 | | | ÷ | - | - | - | | |
| | 56 | | | ÷ | - | - | - | | |
| | 57 | | | ÷ | - | - | - | | |
| | 58 | | | ÷ | - | - | - | | |
| | 59 | | | | - | ✓ | - | | |
| | 60 | | | | - | ✓ | - | | |
| | 61 | | | | | ✓ | - | | |
| | 62 | | | | | ✓ | - | | |
| | 63 | | | | | ✓ | - | | |
| | 64 | | | | | ✓ | - | | |
| | 65 | | | | | ✓ | - | | |
| | 66 | | | | | ✓ | - | | |
| | 67 | | | | | ✓ | - | | |
| | 68 | | | | | ✓ | ✓ | | |
| | 69 | | | | | ✓ | - | | |
| | 70 | | | | | ✓ | - | | |
| | 71 | | | | | ✓ | ✓ | | |
| | 72 | | | | | | ✓ | | |

| | | |
|---|---|---|
| ***Index of Claims*** | **Application/Control No.**<br><br>13194946 | **Applicant(s)/Patent Under Reexamination**<br><br>KROSKY ET AL. |
| | **Examiner**<br><br>BACH HOANG | **Art Unit**<br><br>3718 |

| ✓ | **Rejected** | | - | **Cancelled** | | **N** | **Non-Elected** | | **A** | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| **=** | **Allowed** | | **÷** | **Restricted** | | **I** | **Interference** | | **O** | **Objected** |

☐ **Claims renumbered in the same order as presented by applicant**      ☐ **CPA**   ☐ **T.D.**   ☐ **R.1.47**

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/19/2012 | 02/21/2013 | 08/08/2016 | 03/07/2017 | 08/07/2017 | 02/20/2018 | | | |
| | 73 | | | | | | ✓ | | | |
| | 74 | | | | | | ✓ | | | |
| | 75 | | | | | | ✓ | | | |
| | 76 | | | | | | ✓ | | | |
| | 77 | | | | | | ✓ | | | |
| | 78 | | | | | | ✓ | | | |
| | 79 | | | | | | ✓ | | | |
| | 80 | | | | | | ✓ | | | |
| | 81 | | | | | | ✓ | | | |
| | 82 | | | | | | ✓ | | | |
| | 83 | | | | | | ✓ | | | |
| | 84 | | | | | | ✓ | | | |
| | 85 | | | | | | ✓ | | | |
| | 86 | | | | | | ✓ | | | |
| | 87 | | | | | | ✓ | | | |
| | 88 | | | | | | ✓ | | | |

Part of Paper No. : 20180220

| **Search Notes** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13194946 | KROSKY ET AL. |
| | Examiner | Art Unit |
| | BACH HOANG | 3718 |

### CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| A63F 13/216, A63F 13/422, A63F 13/426, A63F 13/57, A63F 13/573, A63F 13/577, A63F 13/803. | 03/03/2017 | MDH |
| A63F 13/422, 13/57, 13/573, 13/577, 13/803, 2300/8017. | 02/19/2018 | MDH |

### CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

### US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 463 | 6, 30-32, 43 | | |
| 463 | 6,30,31,42 | 07/09/2017 | MDH |
| 463 | 6,58-69 | 02/19/2018 | MDH |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Inventor name search | 9/18/2012 | BVH |
| EAST database text search | 9/18/2012 | BVH |
| Forward/backward citation search of relevant prior art refereces | 9/18/2012 | BVH |
| EAST database text search | 9/19/2012 | BVH |
| Update EAST database text serach | 2/21/2013 | BVH |
| EAST database text search | 2/21/2013 | BVH |
| forward- and back-cited U.S. refs. | 02/19/2018 | MDH |

### INTERFERENCE SEARCH

| | |
|---|---|
| /M.D.H./<br>Examiner.Art Unit 3714 | |

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

/M.D.H./
Examiner.Art Unit 3714

PATENT                                                                  CI108USA

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:

Appellant(s):  Ronald C. Krosky, *et al.*          Examiner:    Hoel, Matthew D.

Serial No:     13/194,946                          Art Unit:    3714

Filing Date:   July 30, 2011

Title:    OUTPUT PRODUCTION

**The Honorable Commissioner of Patents and Trademarks**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

## RESPONSE

      Please consider the following:

**Amendments to the Claims** begin on page 2;

**Interview Summaries** begin on page 9;

**Remarks** being on page 10.

Docket No. CI108USA

Application No. 13/194,946

## <u>Amendments to the Claims</u>

Please replace the claims with those listed below:

What is claimed is:

1-4. (Cancelled)

5. (Currently Amended) A video game system, that is at least partially hardware, comprising:

an identification component configured to identify ~~an action of a competitor~~ a racing area for a vehicle set with a tire set in a racing video game ~~that is competing against a user vehicle~~;

a check component configured to determine ~~a secondary result of performance of the~~ an action set of the vehicle set that causes a remnant of the tire set to be laid upon the racing area~~that is different from a primary result of performance of the action~~;

a determination component configured to determine ~~an impact of the secondary result of the competitor vehicle on a map for the racing video game~~where to place the remnant of the tire set on the racing area based, at least in part on the action set of the vehicle set; and

a modification component configured to make an alteration to the ~~map in accordance with the impact of the secondary result~~racing area such that the remnant impacts performance of the vehicle set.

6-67. (Cancelled)

68. (Currently Amended) A system, that is at least partially hardware, comprising:

an identification component configured to identify ~~an action of a user vehicle, controlled by a user, playing on~~ a racing surface of a racing circuit in a racing video game during a racing video game session;

~~a check component configured to determine an ancillary result of the action that is different from a primary result the action;~~

Docket No. CI108USA
Application No. 13/194,946

a determination component configured to determine ~~an impact of the secondary result on the racing surface~~a first temperature for a first portion of the racing surface and a second temperature for a second portion of the racing surface; and

a modification component configured to ~~make an alteration to~~cause the first portion of the racing surface ~~in accordance with the impact of the ancillary result~~ to implement with the first temperature and the second portion of the racing surface to implement with the second temperature,

where the first temperature and the second temperature are different temperatures,

where the first portion of the racing surface and the second portion of the racing surface do not overlap one another,

where the first portion of the racing surface being at the first temperature causes a vehicle of the racing video game to have a first response to an action,

where the second portion of the racing surface being at the second temperature causes the vehicle of the racing video game to have a second response to the action, and

where, due to the difference in temperature, the first response and the second response are not identical.

69-70. (Cancelled)

71. (Currently Amended) A video game system, that is at least partially hardware, comprising:

an identification component configured to identify ~~an action of a competitor vehicle playing on~~ a change in a temperate of a racing surface in a racing video game ~~during a racing video game session against a user vehicle~~;

~~a check component configured to determine a secondary result of the action that is different from a primary action of performing the action;~~

a determination component configured to determine an impact of the ~~secondary result of the competitor vehicle on a map for the~~ change in the temperature of the racing ~~video game~~surface; and

Page 3 of 10

Docket No. CI108USA
Application No. 13/194,946

a modification component configured to make an alteration to the ~~map~~ racing surface in accordance with the impact of the ~~secondary result~~change in the temperature,

where the ~~primary result is an intended result of the user~~alteration influences performance of a vehicle in the racing video game,

~~where the secondary result is an effect of the primary action,~~

~~where the user vehicle is controlled by a first player,~~

~~where the competitor vehicle is controlled by a second player, and~~

~~where the first player and second player are playing locally against one another~~.

72.    (New)  The system of claim 71,

where the change in temperature occurs during a single racing video game race.

73.    (New)  The system of claim 72,

where the single racing video game race is an online single racing video game race,

where a first competitor competes in the online single racing video game race from a first local console,

where a second competitor competes in the online single racing video game race from a second local console,

where the first local console and the second local console communicate with a remote server that hosts the single racing video game race.

74.    (New)  The system of claim 72,

where the single racing video game race is solo human-player single racing video game race.

75.    (New)  The system of claim 72,

where the change in the temperature is produced, at least in part, by the vehicle travelling over the racing surface during the single racing video game race.

76.    (New)  The system of claim 71,

Docket No. CI108USA

Application No. 13/194,946

where the change in temperature occurs between a first racing video game race and a second racing video game race.

77.    (New)  The system of claim 5,

where the vehicle set comprises a first vehicle and a second vehicle and

where the second vehicle is impacted by the remnant formerly of the first tire set.

78.    (New)  The system of claim 77, comprising:

an collection component configured to collect an first indicator of a first action of the first vehicle in the racing video game that causes a first remnant of the tire set to be laid upon the racing area from a first playing location and configured to collect a second indicator of a second action of the second vehicle in the racing video game that causes a second remnant of the second tire set to be laid upon the racing area from a second playing location; and

a broadcast component configured to broadcast the racing area with the alteration in accordance with the first remnant and the second remnant to the first playing location and configured to broadcast the racing area with the alteration in accordance with the first remnant and the second remnant to the second playing location,

where the first playing location and the second playing location are remote to one another.

79.    (New)  The system of claim 77,

where the first vehicle and the second vehicle are human-controlled vehicles competing against one another in an online gaming session.

80.    (New)  The system of claim 77,

where the first vehicle and the second vehicle are human-controlled vehicles competing against one another in a single-console gaming session.

81.    (New)  The system of claim 77,

where the first vehicle is a human-controlled vehicle competing in an single-console gaming session and

Docket No. CI108USA

Application No. 13/194,946

where the second vehicle is a console-controlled vehicle competing in the single-console gaming session.

82.   (New)  The system of claim 5,

where the vehicle set comprises exclusively one vehicle,

where the remnant is laid on a previous lap,

where the vehicle is impacted on a subsequent lap,

where the previous lap and the subsequent lap are part of a single racing session.

83.   (New)  The system of claim 68, comprising:

a monitor component configured to monitor an operation of the vehicle as the vehicle traverses the racing surface; and

an evaluation component configured to evaluate the operation to determine a change to the first temperature,

where the modification component causes the first portion of the racing surface to implemented with the changed first temperature, and

where the changed first temperature is different from the first temperature.

84.   (New)  The system of claim 83,

where the modification component causes the first portion of the racing surface to implemented with the changed first temperature without a change to the second portion of the racing surface and

where operation of the vehicle causes virtual rubber to be placed on the racing surface that impacts performance of the vehicle.

85.   (New)  The system of claim 83,

where the vehicle is a first vehicle,

where the racing video game session is a online racing video game session between at least a first player playing at a first gaming apparatus and a second player playing at a second gaming apparatus,

Docket No. CI108USA

Application No. 13/194,946

where the first player controls the first vehicle,

where the second player controls the second vehicle,

where an action by the second vehicle produces a first response when the racing surface is at the first temperature,

where the action by the second vehicle produces a second response when the racing surface is at the changed first temperature, and

where the first response and the second response are not identical.

86.    (New)  The system of claim 83,

where the vehicle is a first vehicle,

where the racing video game session is a racing video game session between at least a first player playing at a gaming apparatus and a second player playing at the gaming apparatus,

where the first player controls the first vehicle,

where the second player controls the second vehicle,

where an action by the second vehicle produces a first response when the racing surface is at the first temperature,

where the action by the second vehicle produces a second response when the racing surface is at the changed first temperature, and

where the first response and the second response are not identical.

87.    (New)  The system of claim 83,

where the vehicle is a gaming-apparatus controlled vehicle,

where the racing video game session is a racing video game session between at least a player-controlled vehicle and the gaming apparatus controlled vehicle,

where an action by the player-controlled vehicle produces a first response when the racing surface is at the first temperature,

where the action by the player-controlled vehicle produces a second response when the racing surface is at the changed first temperature, and

where the first response and the second response are not identical.

Docket No. CI108USA

Application No. 13/194,946

88.    (New)  The system of claim 68,

where the first temperature is derived, at least in part, from a first level of virtual sun exposure to the first portion,

where the first temperature is derived, at least in part, from a second level of virtual sun exposure to the second portion, and

where the first level of virtual sun exposure and the second level of virtual sun exposure are not identical.

Docket No. CI108USA

Application No. 13/194,946

**Interview Summaries**

A telephone interview was conducted with Ronald Krosky and Examiner Hoel on September 15, 2017. The 35 U.S.C. 103 rejections were discussed as were U.S. Publication Number 2008/0293488 (Cheng); U.S. Patent Number 7,736,220 (Mori); and U.S. Publication Number 2003/0130031 (Yoshida). It was agreed that a subsequent interview would take place and Applicant would submit proposed claim amendments.

A telephone interview was conducted with Ronald Krosky and Examiner Hoel on October 12, 2017. Proposed amendments similar to those submitted herein were discussed. The 35 U.S.C. 103 rejections were discussed as were Cheng, Mori, and Yoshida. No formal agreement was reached.

Docket No. CI108USA

Application No. 13/194,946

## **Remarks**

The Office is thanked for the Office Action mailed on August 9, 2017.  In view of the amendments herein, it is believed that the rejections are either overcome or moot in view of cancelation.

 /Brendan Clark/           /Ronald Krosky/

Brendan Clark, Co-Inventor      Ronald Krosky, Co-Inventor

630-452-2416               216-536-8718

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 30856780 |
| **Application Number:** | 13194946 |
| **International Application Number:** | |
| **Confirmation Number:** | 1966 |
| **Title of Invention:** | OUTPUT PRODUCTION |
| **First Named Inventor/Applicant Name:** | Ronald Charles Krosky |
| **Customer Number:** | 85449 |
| **Filer:** | Brendan Edward Clark |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | CI108USA |
| **Receipt Date:** | 04-NOV-2017 |
| **Filing Date:** | 30-JUL-2011 |
| **Time Stamp:** | 22:33:30 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| Submitted with Payment | no |
|---|---|

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | CI108USA_Non-final_OA_response_due_11-9-17.pdf | 114972 <br> c46a7f600c36d49065730459c07be6634de7d00d | no | 10 |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 114972 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

<u>**New Applications Under 35 U.S.C. 111**</u>
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**
<u>**National Stage of an International Application under 35 U.S.C. 371**</u>
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**
<u>**New International Application Filed with the USPTO as a Receiving Office**</u>
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

PTO/SB/06 (09-11)
Approved for use through 1/31/2014. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>13/194,946 | Filing Date<br>07/30/2011 | ☐ To be Mailed |
|---|---|---|---|

**ENTITY:**  ☐ LARGE  ☒ SMALL  ☐ MICRO

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | | |
|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** | **11/04/2017** | | | | | |
| | Total (37 CFR 1.16(i)) | * 20 | Minus ** 20 | = 0 | x $40 = | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus *** 3 | = 0 | x $210 = | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | |
|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | |
| | | | | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

LIE
EVELYN NIMMONS

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/194,946 | 07/30/2011 | Ronald Charles Krosky | CI108USA | 1966 |

85449        7590        10/25/2017
BCRK
19530 Telbir Ave.
Rocky River, OH 44116

| EXAMINER |
|---|
| HOEL, MATTHEW D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3714 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/25/2017 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ronald.krosky@gmail.com
brendan.edward.clark@gmail.com

| ***Applicant-Initiated Interview Summary*** | Application No. | Applicant(s) |
|---|---|---|
| | 13/194,946 | KROSKY ET AL. |
| | **Examiner** | **Art Unit** |
| | Matthew D. Hoel | 3714 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Matthew D. Hoel, examiner_.                    (3) _____.

(2) _Ron Krosky, inventor_.                          (4) _____.

Date of Interview: _12 October 2017_.

Type:   ☒ Telephonic   ☐ Video Conference
        ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.
    If Yes, brief description: _____.

Issues Discussed   ☐101 ☐112 ☐102 ☒103 ☐Others
(For each of the checked box(es) above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: _5,48-53 and 59-71_.

Identification of prior art discussed: _Cheng (2008/0293488 A1); Mori (7,736,220 B2); Yoshida (2003/0130031 A1)_.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

_The applicants presented proposed amendments in which skid marks left on a racetrack would impede the traction of vehicles on the racetrack  in subsequent laps.  Further search and consideration of novelty and non-obviousness is required.  No exact allowable claim language was allowed.  The proposed amendments are attached and not entered_.

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview

**Examiner recordation instructions**: Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

☒ Attachment

| /M. D. H./<br>Examiner, Art Unit 3714 | /DAVID L LEWIS/<br>Supervisory Patent Examiner, Art Unit 3714 |
|---|---|

**Summary of Record of Interview Requirements**

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant.  An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR §1.2  Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing.  The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary.  The action of the Patent and Trademark Office will be based exclusively on the written record in the Office.  No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so.  It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks.  Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.  Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper.  In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview.  In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication.  If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable).  Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
(The identification of arguments need not be lengthy or elaborate.  A verbatim or highly detailed description of the arguments is not required.  The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file.  Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.
Examiners are expected to carefully review the applicant's record of the substance of an interview.  If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her.  If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

not entered.  for interview discussion purposes only.  /MDH/  /10-12-2017/

**PATENT**                                                                                      **CI108USA**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:

Appellant(s):  Ronald C. Krosky, *et al*.          Examiner:     Hoel, Matthew D.

Serial No:      13/194,946                              Art Unit:      3714

Filing Date:   July 30, 2011

Title:      OUTPUT PRODUCTION

**The Honorable Commissioner of Patents and Trademarks**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

---

## INTERVIEW AGENDA – UNOFFICIAL COMMUNICATION

Dear Examiner Hoel,

Please find proposed amendments to the claims in view of our interview on September 15, 2017.  I would like to discuss the potential allowability of these claims (e.g., regarding potential 35 U.S.C. 101, 102, 103, and 112 rejections).  I look forward to speaking with you on October 12, 2017 at 4pm Eastern.

Best Regards,

Ron Krosky

not entered. for interview discussion purposes only. /MDH/ 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/

Docket No. CI108USA

Application No. 13/194,946

## **Proposed Amendments to the Claims – DO NOT ENTER**

Please replace the claims with those listed below:

What is claimed is:

1-4.     (Cancelled)

5.      (Currently Amended) A video game system, that is at least partially hardware, comprising:

an identification component configured to identify ~~an action of a competitor~~ a racing area for a vehicle set with a tire set in a racing video game ~~that is competing against a user vehicle~~;

a check component configured to determine ~~a secondary result of performance of the~~ an action set of the vehicle set that causes a remnant of the tire set to be laid upon the racing area~~that is different from a primary result of performance of the action~~;

a determination component configured to ~~determine an impact of the secondary result of the competitor vehicle on a map for the racing video game~~where to place the remnant of the tire set on the racing area based, at least in part on the action set of the vehicle set; and

a modification component configured to make an alteration to the ~~map in accordance with the impact of the secondary result~~racing area such that the remnant impacts performance of the vehicle set.

6-69.   (Cancelled)

70.     (Currently Amended) ~~The~~ A system ~~of claim 69~~, comprising:

an identification component configured to identify an action of a video game vehicle set playing on a racing surface in a racing video game during a racing video game session;

a determination component configured to determine that the action of the video game vehicle set results in a virtual rubber being placed on~~where~~ the racing surface~~is a road surface~~; and

a modification component configured to modify the racing surface such that the virtual rubber is added to the racing surface.

Docket No. CI108USA
Application No. 13/194,946

where addition of the ~~tire skid~~virtual rubber causes different performance of the ~~user~~video game vehicle than driving over the ~~road~~racing surface absent the virtual rubber.

71.     (Currently Amended)  A  video  game  system, that  is  at  least  partially  hardware, comprising:

an  identification  component  configured  to  identify  ~~an  action  of  a  competitor  vehicle playing on~~a change in a temperate of a racing surface in a racing video game ~~during a racing video game session against a user vehicle~~;

~~a check component configured to determine a secondary result of the action that is different from a primary action of performing the action;~~

a determination component configured to determine an impact of the ~~secondary result of the competitor vehicle on a map for the~~change in the temperature of the racing ~~video game~~surface;  and

a modification component configured to make an alteration to the ~~map~~racing surface in accordance with the impact of the ~~secondary result~~change in the temperature,

where the ~~primary result is an intended result of the user~~alteration influences performance of a vehicle in the racing video game,

~~where the secondary result is an effect of the primary action,~~

~~where the user vehicle is controlled by a first player,~~

~~where the competitor vehicle is controlled by a second player, and~~

~~where the first player and second player are playing locally against one another.~~

72.     (New)  The system of claim 71,

where the change in temperature occurs during a single racing video game race.

73.     (New)  The system of claim 72,

where the single racing video game race is an online single racing video game race,

where a first competitor competes in the online single racing video game race from a first local console,

Docket No. CI108USA

Application No. 13/194,946

where a second competitor competes in the online single racing video game race from a second local console,

where the first local console and the second local console communicate with a remote server that hosts the single racing video game race.

74.    (New)  The system of claim 72,

where the single racing video game race is solo human-player single racing video game race.

75.    (New)  The system of claim 72,

where the change in the temperature is produced, at least in part, by the vehicle travelling over the racing surface during the single racing video game race.

76.    (New)  The system of claim 71,

where the change in temperature occurs between a first racing video game race and a second racing video game race.

77.    (New)  The system of claim 5,

where the vehicle set comprises a first vehicle and a second vehicle and

where the second vehicle is impacted by the remnant formerly of the first tire set.

78.    (New)  The system of claim 77, comprising:

an collection component configured to collect an first indicator of a first action of the first vehicle in the racing video game that causes a first remnant of the tire set to be laid upon the racing area from a first playing location and configured to collect a second indicator of a second action of the second vehicle in the racing video game that causes a second remnant of the second tire set to be laid upon the racing area from a second playing location; and

a broadcast component configured to broadcast the racing area with the alteration in accordance with the first remnant and the second remnant to the first playing location and

Docket No. CI108USA
Application No. 13/194,946

configured to broadcast the racing area with the alteration in accordance with the first remnant and the second remnant to the second playing location,

where the first playing location and the second playing location are remote to one another.

79. (New) The system of claim 77,

where the first vehicle and the second vehicle are human-controlled vehicles competing against one another in an online gaming session.

80. (New) The system of claim 77,

where the first vehicle and the second vehicle are human-controlled vehicles competing against one another in a single-console gaming session.

81. (New) The system of claim 77,

where the first vehicle is a human-controlled vehicle competing in an single-console gaming session and

where the second vehicle is a console-controlled vehicle competing in the single-console gaming session.

82. (New) The system of claim 5,

where the vehicle set comprises exclusively one vehicle,

where the remnant is laid on a previous lap,

where the vehicle is impacted on a subsequent lap,

where the previous lap and the subsequent lap are part of a single racing session.

83. (New) The system of claim 70,

where the video game vehicle set comprises a first vehicle and a second vehicle and

where the second vehicle is impacted by the virtual rubber.

84. (New) The system of claim 83, comprising:

not entered.  for interview discussion purposes only. /MDH/ /10-12-2017/

Docket No. CI108USA

Application No. 13/194,946

an collection component configured to collect an first indicator of a first action of the first vehicle in the racing video game session that causes a first virtual rubber to be placed on the racing surface from a first playing location and configured to collect a second indicator of a second action of the second vehicle in the racing video game session that causes a second virtual rubber to be placed on the racing surface from a second playing location; and

a broadcast component configured to broadcast the racing area with the alteration in accordance with the first virtual rubber and the second virtual rubber to the first playing location and configured to broadcast the racing area with the alteration in accordance with the first virtual rubber and the second virtual rubber to the second playing location,

where the first playing location and the second playing location are remote to one another.

85.    (New)  The system of claim 83,

where the first vehicle and the second vehicle are human-controller vehicles competing against one another and

where the racing video game session is an online racing video game session.

86.    (New)  The system of claim 83,

where the first vehicle and the second vehicle are human-controller vehicles competing against one another and

where the racing video game session is a single-console gaming session.

87.    (New)  The system of claim 83,

where the first vehicle is a console-controlled vehicle competing in an single-console gaming session and

where the second vehicle is a human-controlled vehicle competing in the single-console gaming session.

88.    (New)  The system of claim 70,

where the video game vehicle set comprises exclusively one vehicle,

where the virtual rubber is placed on a previous lap,

not entered.

Docket No. CI108USA

Application No. 13/194,946

where the vehicle has the different performance on a subsequent lap,

where the previous lap and the subsequent lap are part of the racing video game session, and

where the racing video game session is a single racing session.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/194,946 | 07/30/2011 | Ronald Charles Krosky | CI108USA | 1966 |

85449          7590          08/09/2017
BCRK
19530 Telbir Ave.
Rocky River, OH 44116

| EXAMINER |
|---|
| HOEL, MATTHEW D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3714 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/09/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 13/194,946 | KROSKY ET AL. |
| | **Examiner** | **Art Unit** | |
| | Matthew D. Hoel | 3714 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>19 March 2017</u>.

2a)☐ This action is **FINAL**.  2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) <u>5,48-53 and 59-71</u> is/are pending in the application.

    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>5,48-53 and 59-71</u> is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    \* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

4) ☐ Other: _____ .

Application/Control Number: 13/194,946                                      Page 2
Art Unit: 3714

The present application is being examined under the pre-AIA first to invent

provisions.

**DETAILED ACTION**

**_Claim Rejections - 35 USC § 103_**

1.      In the event the determination of the status of the application as subject to AIA 35

U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any

correction of the statutory basis for the rejection will not be considered a new ground of

rejection if the prior art relied upon, and the rationale supporting the rejection, would be

the same under either status.

2.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis

for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described
> as set forth in section 102, if the differences between the subject matter sought to be patented
> and the prior art are such that the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary skill in the art to which said subject
> matter pertains. Patentability shall not be negatived by the manner in which the invention was
> made.

3.      The factual inquiries set forth in _Graham v. John Deere Co._, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under pre-AIA 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.

2. Ascertaining the differences between the prior art and the claims at issue.

3. Resolving the level of ordinary skill in the pertinent art.

Application/Control Number: 13/194,946                               Page 3
Art Unit: 3714

    4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

**4.**    Claim 5, 48 to 43, 59 to 68, and 71: is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over Cheng (U.S. Pre-Grant Publication 2008/0293488 A1) in view of Mori (U.S. Patent 7,736,220 B2).

1.    Regarding Claims 5, 48 to 43, 59 to 68, and 71: Cheng discloses a system, comprising: a search component configured to make a determination if a base map for a rendered map is available ("Each cell can have one or more photographs associated with the cell." **Chen ¶ 0064**. "In various implementations, if there is more than one photograph that can be used to show a particular portion of a path (or substantially the same portion of the path), the photograph with the highest priority is selected." **Cheng ¶ 0184**. *E.g.,* "If there is a course landmark such as a building or a photograph hazard, photographs showing the landmark are given higher priority." **Cheng TABLE 1**. When there are multiple photographs for a cell, a particular photograph is searched for by determining which photograph has the highest priority, if that photograph is available; for example, the system must determine if there is a photograph with a landmark in order to provide that photograph with the landmark with the highest priority.); an analysis component configured to analyze a map data set to produce an evaluation result, where the base map is at least part of the map data set when available ("One or more photographic images of the course corresponding to the virtual object's new location(s) on or above the course terrain are identified (step 206)." **Chen ¶ 0060, FIG. 2A**. As discussed above, photographs are given priority, if found and available.); and a

Application/Control Number: 13/194,946                                    Page 4
Art Unit: 3714

production component configured to produce the rendered map based, at least in part,

on the evaluation result, where the rendered map is retained in a computer-readable

medium ("The virtual object is then incorporated into the photographic image(s) using a

mapping technique that is described below (step 208). The virtual object can be

animated in the photograph(s) and appears at the proper location and scale based on

the virtual object's location in relation to the course terrain." **Chen ¶ 0060, FIG. 2A; *see***

***also* FIGS. 1A-C, 3A-C, 5I**.). Cheng discloses a system, comprising: an interaction

component configured to receive a request for a rendered map ("Some or all of a virtual

object's movement in the virtual course can be animated in a course photograph. For

example, after the player strikes the golf ball 108 in photograph 102a (as shown in

FIGS. 1A), photograph 102b (as shown in FIGS. 1B) can be presented to the player

along with animation of the ball 108 falling from the sky at location 108a, impacting the

golf course at location 108b, and rolling to resting location 108c." **Cheng ¶ 0062**.

Additionally, "clients 702a-d to play in the same virtual course, if desired, and allows for

other multiplayer features such team forming and competitions between players and

teams." **Cheng ¶ 0178**.  When the clients (users) choose to play on the same course,

the players are requesting the course to be rendered.); the gather component is

configured to collect a map data set ("A sequence of photographs is then automatically

selected, as described above, which have a view of the course areas on the path," *i.e.*,

the selected photographs in the sequence are gathered (retrieved) to display the course

areas. **Cheng ¶ 0187**.  Additionally, "FIG. 2B is a flowchart 201 of an example

technique for pre-fetching photographic images for mapping in a simulation such as an

Application/Control Number: 13/194,946                                                    Page 5
Art Unit: 3714

electronic game. Pre-fetching photographic images can improve the responsiveness of
interactive applications by locally caching photographs ahead of time before they are
needed." **Cheng ¶ 0061**.), an analysis component configured to analyze the map data
set to produce an analysis result ("One or more photographic images of the course
corresponding to the virtual object's new location(s) on or above the course terrain are
identified (step 206)." **Cheng ¶ 0060, FIG. 2A**.), a production component configured to
produce the rendered map based, at least in part, on the analysis result, where the
rendered map is retained in a computer-readable medium ("The virtual object is then
incorporated into the photographic image(s) using a mapping technique that is
described below (step 208). The virtual object can be animated in the photograph(s)
and appears at the proper location and scale based on the virtual object's location in
relation to the course terrain." **Cheng ¶ 0060, FIG. 2A; *see also* FIGS. 1A-C, 3A-C,
5I**.).  For these reasons, the examiner believes Cheng discloses the identification,
checking, determination, and modification as claimed.  Mori, however, discloses a
racing game involving running into barriers on the course (Abst.; sidewall 3:38-4:30).  It
would have been obvious to one of ordinary skill in the art at the time of invention to
have applied Mori's racing game to the game of Cheng where the view of a player's
location is updated along a course since this would be an improvement to a racing
game by allowing the immediate area around each driver to be visible at all times on the
game screen.

1.      As to Claim 59: Para. 47 of Cheng discloses players playing the game in a
networked, multiplayer environment.

Application/Control Number: 13/194,946                                    Page 6
Art Unit: 3714

2.      As to Claim 60: Figs. 2A,B of Cheng show the changes being incorporated into

the separate displays (Paras. 59 to 61).

3.      As to Claim 61: Figs. 2A,B of Cheng accept user input for an interaction with an

object on a map and renders the changes on the respective displays accordingly

(Paras. 59 to 61).

4.      As to Claim 62: Para. 48 of Cheng says that the invention can be applied toward

racing games.  Figs. 2A,B of Cheng will render different displays to the respective

players based on their point of view in the game world (Paras. 59 to 61).

5.      As to Claim 63: Figs. 7A-D of Cheng (Paras. 176 to 179) disclose client-server

configurations in which the check, determination, and modification components are

housed at the server.

6.      As to Claim 64: Secondary reference Mori, in its standalone embodiment,

discloses the check, determination, and modification components being housed locally

in the gaming console (Fig. 2, rendering processor 35, frame memory 36, display 15,

3:7-38).

7.      As to Claim 65: Paras. 209 to 215 of Cheng discuss temperature being taken into

account while calculating trajectories.

8.      As to Claim 66: Mori at 4:37-52 discusses road conditions affecting the

performance of racing vehicles.

9.      As to Claim 67: Mori at 5:16-57 discusses off-road conditions slowing down

vehicles that go off of the racing course.

Application/Control Number: 13/194,946                                    Page 7
Art Unit: 3714

10.     As to Claim 68: Mori discusses check, determination, and modification
components that modify the speed and performance of the vehicle if it hits a sidewall or
goes off course (3:66-4:26).


11.     Claims 69 and 70 is/are rejected under pre-AIA 35 U.S.C. 103(a) as being
unpatentable over Cheng and Mori in view of Yoshida, et al. (U.S. Pre-Grant Publication
2003/0130031 A1).

12.     As to Claims 69 and 70: The combination of Cheng and Mori disclose all of the
limitations of these claims, but lacks specificity as to skid marks that can impede the
performance of the vehicle on a race course. Yoshida, however, discloses these
limitations at Figs. 7, 24, and 25 (Paras. 125 to 134).  It would have been obvious to one
of ordinary skill in the art at the time of invention to have applied the skid marks of
Yoshida to the combination of Cheng and Mori.  Mori is a racing game of the sort that
Yoshida is, so the two references are similar in field of use and mode of operation.  The
advantage of this modification would be to make the game more realistic in its depiction
of actual racing conditions.


### *Conclusion*

13.     This action addresses claims not addressed in the previous action.  The
examiner is sorry for any inconvenience to the applicants.

Application/Control Number: 13/194,946                                    Page 8
Art Unit: 3714

14.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Matthew D. Hoel whose telephone number is (571)272-

5961.  The examiner can normally be reached on 8:00 A.M. to 4:30 P.M..

15.     Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool. To schedule an

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

16.     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, David L. Lewis can be reached on (571) 272-7673.  The fax phone number

for the organization where this application or proceeding is assigned is 571-273-8300.

17.     Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/M. D. H./
Examiner, Art Unit 3714
/DAVID L LEWIS/
Supervisory Patent Examiner, Art Unit 3714

| | | | |
|---|---|---|---|
| **Notice of References Cited** | Application/Control No. <br> 13/194,946 | Applicant(s)/Patent Under Reexamination <br> KROSKY ET AL. | |
| | Examiner <br> Matthew D. Hoel | Art Unit <br> 3714 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number <br> Country Code-Number-Kind Code | Date <br> MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-2003/0130031 A1 | 07-2003 | Yoshida, Shigeru | A63F13/10 | 463/23 |
| | B | US- | | | | |
| | C | US- | | | | |
| | D | US- | | | | |
| | E | US- | | | | |
| | F | US- | | | | |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number <br> Country Code-Number-Kind Code | Date <br> MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| | | Application/Control No. | | Applicant(s)/Patent Under Reexamination | |
|---|---|---|---|---|---|
| ***Index of Claims*** | | 13194946 | | KROSKY ET AL. | |
| | | **Examiner** | | **Art Unit** | |
| | | BACH HOANG | | 3718 | |

| | ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

| ☐ Claims renumbered in the same order as presented by applicant | | | | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|---|---|---|

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/19/2012 | 02/21/2013 | 08/08/2016 | 03/07/2017 | 08/07/2017 | | | | |
| | 1 | ✓ | - | - | - | - | | | | |
| | 2 | ✓ | ✓ | - | - | - | | | | |
| | 3 | ✓ | - | - | - | - | | | | |
| | 4 | ✓ | ✓ | ÷ | - | - | | | | |
| | 5 | ✓ | ✓ | ÷ | ✓ | ✓ | | | | |
| | 6 | ✓ | ✓ | - | - | - | | | | |
| | 7 | - | - | - | - | - | | | | |
| | 8 | - | - | - | - | - | | | | |
| | 9 | - | - | - | - | - | | | | |
| | 10 | - | - | - | - | - | | | | |
| | 11 | - | - | - | - | - | | | | |
| | 12 | - | - | - | - | - | | | | |
| | 13 | - | - | - | - | - | | | | |
| | 14 | - | - | - | - | - | | | | |
| | 15 | - | - | - | - | - | | | | |
| | 16 | - | - | - | - | - | | | | |
| | 17 | - | - | - | - | - | | | | |
| | 18 | - | - | - | - | - | | | | |
| | 19 | - | - | - | - | - | | | | |
| | 20 | - | - | - | - | - | | | | |
| | 21 | ✓ | ✓ | - | - | - | | | | |
| | 22 | ✓ | ✓ | ÷ | - | - | | | | |
| | 23 | ✓ | ✓ | - | - | - | | | | |
| | 24 | ✓ | ✓ | - | - | - | | | | |
| | 25 | ✓ | ✓ | - | - | - | | | | |
| | 26 | ✓ | ✓ | - | - | - | | | | |
| | 27 | ✓ | ✓ | - | - | - | | | | |
| | 28 | ✓ | - | - | - | - | | | | |
| | 29 | ✓ | - | - | - | - | | | | |
| | 30 | ✓ | - | - | - | - | | | | |
| | 31 | ✓ | ✓ | - | - | - | | | | |
| | 32 | ✓ | - | - | - | - | | | | |
| | 33 | ✓ | ✓ | - | - | - | | | | |
| | 34 | ✓ | - | - | - | - | | | | |
| | 35 | | ✓ | - | - | - | | | | |
| | 36 | | ✓ | - | - | - | | | | |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13194946 | KROSKY ET AL. |
| | **Examiner** | **Art Unit** |
| | BACH HOANG | 3718 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/19/2012 | 02/21/2013 | 08/08/2016 | 03/07/2017 | 08/07/2017 | | | |
| | 37 | | ✓ | - | | - | | | |
| | 38 | | ✓ | - | - | - | | | |
| | 39 | | ✓ | - | | - | | | |
| | 40 | | ✓ | - | | - | | | |
| | 41 | | ✓ | - | | - | | | |
| | 42 | | | ÷ | - | - | | | |
| | 43 | | | ÷ | - | - | | | |
| | 44 | | | ÷ | - | - | | | |
| | 45 | | | ÷ | - | - | | | |
| | 46 | | | ÷ | - | - | | | |
| | 47 | | | ÷ | - | - | | | |
| | 48 | | | ÷ | ✓ | ✓ | | | |
| | 49 | | | ÷ | ✓ | ✓ | | | |
| | 50 | | | ÷ | ✓ | ✓ | | | |
| | 51 | | | ÷ | ✓ | ✓ | | | |
| | 52 | | | ÷ | ✓ | ✓ | | | |
| | 53 | | | ÷ | ✓ | ✓ | | | |
| | 54 | | | ÷ | - | - | | | |
| | 55 | | | ÷ | - | - | | | |
| | 56 | | | ÷ | - | - | | | |
| | 57 | | | ÷ | - | - | | | |
| | 58 | | | ÷ | - | - | | | |
| | 59 | | | | - | ✓ | | | |
| | 60 | | | | - | ✓ | | | |
| | 61 | | | | | ✓ | | | |
| | 62 | | | | | ✓ | | | |
| | 63 | | | | | ✓ | | | |
| | 64 | | | | | ✓ | | | |
| | 65 | | | | | ✓ | | | |
| | 66 | | | | | ✓ | | | |
| | 67 | | | | | ✓ | | | |
| | 68 | | | | | ✓ | | | |
| | 69 | | | | | ✓ | | | |
| | 70 | | | | | ✓ | | | |
| | 71 | | | | | ✓ | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13194946 | KROSKY ET AL. |
| | Examiner | Art Unit |
| | BACH HOANG | 3718 |

## CPC- SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| A63F 13/216, A63F 13/422, A63F 13/426, A63F 13/57, A63F 13/573, A63F 13/577, A63F 13/803. | 03/03/2017 | MDH |

## CPC COMBINATION SETS  - SEARCHED

| Symbol | Date | Examiner |
|---|---|---|
| | | |

## US CLASSIFICATION SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 463 | 6, 30-32, 43 | | |
| 463 | 6,30,31,42 | 07/09/2017 | MDH |

\* See search history printout included with this form or the SEARCH NOTES box below to determine the scope of the search.

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Inventor name search | 9/18/2012 | BVH |
| EAST database text search | 9/18/2012 | BVH |
| Forward/backward citation search of relevant prior art refereces | 9/18/2012 | BVH |
| EAST database text search | 9/19/2012 | BVH |
| Update EAST database text serach | 2/21/2013 | BVH |
| EAST database text search | 2/21/2013 | BVH |

## INTERFERENCE SEARCH

| US Class/ CPC Symbol | US Subclass / CPC Group | Date | Examiner |
|---|---|---|---|
| | | | |

| /M.D.H./ Examiner.Art Unit 3714 | |
|---|---|
| | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 1 | "20080293488".pn. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/08/07 12:55 |
| L2 | 1 | "7736220".pn. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/08/07 13:06 |
| L3 | 22 | "skid mark" and 463/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/07 13:30 |
| L4 | 801 | 463/6.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/07 13:45 |
| L5 | 7027 | 463/31.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/07 13:45 |
| L6 | 1455 | 463/32.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/07 13:45 |
| L7 | 12062 | 463/42.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/07 13:45 |
| S1 | 385 | (SMIB or "slot machine interface board") and g07f17/32-3297.cpc. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/03 21:00 |
| S13 | 22 | (SMIB or "slot machine interface board") with virtual | US-PGPUB; USPAT; | OR | ON | 2017/01/05 21:18 |

| | | | USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | | | |
|---|---|---|---|---|---|---|
| S14 | 11143 | 463/25.ccls. | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/01/05<br>21:32 |
| S15 | 5 | ("6960133" "6012983" "6093102"<br>"6913532" "6491584").pn. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/08<br>23:15 |
| S18 | 11067 | G07F17/34.CPC. | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/01/08<br>23:19 |
| S19 | 2450 | "itagaki, takehisa".in. or "terada, yuuki".in.<br>or "miyagawa, yuji".in. or "yamauchi,<br>hiromoto".in. or aruze.as. or "universal<br>entertainment".as. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/08<br>23:22 |
| S20 | 1339 | ("3834712" \| "4184683" \| "4198052" \|<br>"4467424" \| "4624459" \| "4648600" \|<br>"4695053" \| "4764666" \| "4880237" \|<br>"5163131" \| "5205555" \| "5265877" \|<br>"5401024" \| "5429361" \| "5449173" \|<br>"5456465" \| "5551692" \| "5570885" \|<br>"5580053" \| "5704835" \| "5722891" \|<br>"5741183" \| "5758875" \| "5770533" \|<br>"5788573" \| "5816917" \| "5823874" \|<br>"5947820" \| "5980384" \| "6004207" \|<br>"6015346" \| "6056642" \| "6059289" \|<br>"6059658" \| "6089976" \| "6093102" \|<br>"6120378" \| "6126542" \| "6155925" \|<br>"6159095" \| "6159097" \| "6159098" \|<br>"6168523" \| "6203429" \| "6224483" \|<br>"6231442" \| "6231445" \| "6234897" \|<br>"6238287" \| "6261178" \| "6270412" \|<br>"6290600" \| "6311976" \| "6312334" \|<br>"6319124" \| "6328649" \| "6331143" \|<br>"6334814" \| "6336860" \| "6346043" \|<br>"6347996" \| "6358147" \| "6364766" \|<br>"6364768" \| "6368216" \| "6375567" \|<br>"6398218" \| "6443837" \| "6491584" \|<br>"6533660" \| "6551187" \| "6581935" \|<br>"6592457" \| "6604999" \| "6731313" \|<br>"Re34244").PN. OR ("6012983" \|<br>"6093102" \| "6491584" \| "6913532" \|<br>"6960133").URPN. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/08<br>23:24 |
| S21 | 164 | random$2 with select$3 with reel with<br>strip | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/01/08<br>23:27 |
| S22 | 43 | ("20030060269" \| "20040116173" \| | US-PGPUB; | OR | ON | 2017/01/08 |

| | | "20050009597" \| "20060040728" \|<br>"3645531" \| "4095795" \| "4448419" \|<br>"4695053" \| "4711451" \| "4838552" \|<br>"4858932" \| "5085436" \| "5102137" \|<br>"5154421" \| "5169147" \| "5209479" \|<br>"5219167" \| "5263716" \| "5423539" \|<br>"5697843" \| "5704835" \| "5722891" \|<br>"5772509" \| "5908354" \| "5980384" \|<br>"6053813" \| "6095921" \| "6117009" \|<br>"6159096" \| "6394902" \| "6413162" \|<br>"6796903" \| "7699698" \| "RE35188").PN.<br>OR ("8251794").URPN. | USPAT;<br>USOCR | | | 23:43 |
|---|---|---|---|---|---|---|
| S23 | 1 | "20050009597".pn. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>00:03 |
| S24 | 11067 | G07F17/34.cpc. | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/01/09<br>00:41 |
| S25 | 8433 | G07F17/3267.cpc. | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2017/01/09<br>00:41 |
| S26 | 2458 | "kitamura, kenta".in. or "yamauchi,<br>hiromoto".in. or "mio, susumu".in. or<br>"aruze".as. or "universal<br>entertainment".as. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>00:43 |
| S27 | 1 | "20110240947".pn. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>00:44 |
| S28 | 1 | "20110250947".pn. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>00:45 |
| S29 | 21 | ("2011/0250947").URPN. | USPAT | OR | ON | 2017/01/09<br>00:45 |
| S30 | 0 | "wheel of fortune" and g07f17/32-34 | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>01:45 |
| S31 | 0 | "wheel of fortune" and g07f17/32-34.cpc. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>01:45 |
| S32 | 0 | "wheel of fortune" and g07f17/32-<br>3297.cpc. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>01:45 |
| S33 | 0 | "wheel of fortune" and 463/$.ccls. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>01:46 |
| S34 | 0 | "wheel of fortune" and 463/20.ccls. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>01:46 |
| S35 | 0 | "wheel of fortune" | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2017/01/09<br>01:46 |

| S36 | 7294 | 463/20.ccls. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 01:46 |
|---|---|---|---|---|---|---|
| S37 | 0 | "wheel of fortune" | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 01:46 |
| S38 | 2 | "wheel of fortune" | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/09 01:47 |
| S39 | 520 | 463/20.ccls. and baerlocher.in. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 01:48 |
| S40 | 357 | thomas.in. and wms.as. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 01:50 |
| S41 | 94 | thomas.in. and wms.as. | EPO | OR | ON | 2017/01/09 01:50 |
| S42 | 313 | 463/20.ccls. and baerlocher.in. | USPAT | OR | ON | 2017/01/09 01:53 |
| S43 | 1237 | multiplier and 463/20.ccls. | USPAT | OR | ON | 2017/01/09 01:54 |
| S44 | 0 | "wheel of fortune" and 463/20.ccls. | USPAT | OR | ON | 2017/01/09 01:54 |
| S45 | 465 | "fortune" and 463/20.ccls. | USPAT | OR | ON | 2017/01/09 01:55 |
| S46 | 315 | (wheel with fortune) and 463/20.ccls. | USPAT | OR | ON | 2017/01/09 01:55 |
| S47 | 315 | (wheel near2 fortune) and 463/20.ccls. | USPAT | OR | ON | 2017/01/09 01:55 |
| S48 | 216 | S47 and (baerlocher.in. or IGT.as. or "international game technology".as.) | USPAT | OR | ON | 2017/01/09 01:55 |
| S49 | 19 | morris.in. and 463/$.ccls. | USPAT | OR | ON | 2017/01/09 01:58 |
| S50 | 138 | ("3281149" | "4036500" | "4149728" | "4448419" | "4492378" | "4624459" | "4700948" | "4711451" | "4805907" | "4871171" | "4906005" | "4964638" | "4991848" | "4998199" | "5042810" | "5067712" | "5078405" | "5102134" | "5152529" | "5167413" | "5184821" | "5188363" | "5205555" | "5209479" | "5259616" | "5265874" | "5292127" | "5332219" | "5342049" | "5344144" | "5344145" | "5362052" | "5377973" | "5393061" | "5409225" | "5411271" | "5486005" | "5513846" | "5540442" | "5560603" | "5570885" | "5580309" | "5628684" | "5655961" | "5664998" | "5697843" | "5702304" | "5704835" | "5722891" | "5725428" | "5741183" | "5743523" | "5752882" | "5772509" | "5788573" | "5806045" | "5820459" | "5820460" | "5823874" | "5836817" | "5848932" | "5947820" | "6048268" | "6089978" | "6334814").PN. OR | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 01:59 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | ("6605000").URPN. | | | | |
| S51 | 866 | ("4624459" \| "5067712" \| "5152529" \| "5380008" \| "5395111").PN. OR ("5722891").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 02:03 |
| S52 | 72 | ("6605000").URPN. | USPAT | OR | ON | 2017/01/09 02:43 |
| S53 | 145 | ("20010003709" \| "20010018361" \| "20020052234" \| "20020142826" \| "20020142830" \| "20020198038" \| "20030013520" \| "20030060272" \| "20030087689" \| "20030114216" \| "20040002372" \| "20040038728" \| "20040038734" \| "20040051240" \| "20040053660" \| "20040077403" \| "20040248640" \| "20050026671" \| "20050026673" \| "20050026678" \| "5655961" \| "5702304" \| "5741183" \| "5752882" \| "5788573" \| "5820459" \| "5823874" \| "5836817" \| "5848932" \| "5876284" \| "5882261" \| "5911418" \| "5947820" \| "6089978" \| "6159098" \| "6162121" \| "6162122" \| "6168520" \| "6224482" \| "6309300" \| "6334814" \| "6364768" \| "6371852" \| "6375567" \| "6375569" \| "6386974" \| "6565434" \| "6605000" \| "6663448" \| "6663485" \| "6663488" \| "6722976" \| "6793577" \| "6827646" \| "6890255" \| "D503951").PN. OR ("7144321").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 02:44 |
| S54 | 3363 | "inamura, yukinori".in. or "enokido, kenji".in. or "yamauchi, hiromoto".in. or "takahashi, hiroshi".in. or aruze.as. or "universal entertainment".as. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 03:03 |
| S56 | 2725 | G07F17/326.CPC. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/09 03:06 |
| S57 | 422 | (animation.ti. or animation.ab.) and 463/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/09 03:39 |
| S58 | 1636 | exhibition and (IGT.as. or "International Game Technology".as.) and 463/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/09 03:45 |
| S59 | 24 | exhibition and (IGT.as. or "International Game Technology".as.) and 463/$.ccls. and elephant | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/09 03:45 |

| S60 | 267 | animation and multiplier and wms.as. and 463/$.ccls. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/09 03:49 |
| S61 | 2 | ("20160086429").PN. | US-PGPUB; USPAT; USOCR; DERWENT | OR | ON | 2017/01/09 03:58 |
| S62 | 1 | "20110250947".pn. | US-PGPUB; USPAT; USOCR | OR | ON | 2017/01/09 04:50 |
| S63 | 69 | ("2005/0009597").URPN. | USPAT | OR | ON | 2017/01/09 14:13 |
| S67 | 2729 | G07F17/326.CPC. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/11 16:04 |
| S68 | 4922 | G07F17/323.CPC. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/01/11 17:29 |
| S69 | 230 | hoel.xa. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2017/08/04 15:31 |

**EAST Search History (Interference)**

< This search history is empty>

**8/7/2017 1:48:51 PM**
**C:\Users\mhoel\Documents\EAST\Workspaces\01-07-2017.wsp**

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:

Appellant(s):  Ronald C. Krosky, *et al.*

Serial No:      13/194,946

Filing Date:   July 30, 2011

Examiner:      Hoel, Matthew D.

Art Unit:       3714

Docket No.:   CI108USA

Title:     OUTPUT PRODUCTION

**The Honorable Commissioner of Patents and Trademarks**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

---

# OFFICE ACTION RESPONSE

---

The Office is thanked for the non-final Office Action mailed on March 9, 2017. However, it appears that, in issuing the rejection, the Office reviewed an outdated set of claims. In one example, the Office discusses a search component configured to make a determination if a base map for a rendered map is available. While this claim feature was recited previously, the Request for Continued Examination filed on May 21, 2016 amended the claims such that they do not recite this feature. Applicants do not expressly indicate each and every instance of obsolete claim language in the interest of brevity. The current claims were filed on October 21, 2016 in response to the Restriction Requirement.

Applicants respectfully submit that this response, in pointing out the error in the rejection, addresses all rejections in the Office Action and is proper.

The Office is encouraged to contact the below co-inventors for an interview if the Office has any questions or concerns.

/Brendan E. Clark/

Co-Inventor retaining interest

630-452-2416

/Ronald C. Krosky/

Co-Inventor retaining interest

216-536-8718

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 28670614 |
| **Application Number:** | 13194946 |
| **International Application Number:** | |
| **Confirmation Number:** | 1966 |
| **Title of Invention:** | OUTPUT PRODUCTION |
| **First Named Inventor/Applicant Name:** | Ronald Charles Krosky |
| **Customer Number:** | 85449 |
| **Filer:** | Brendan Edward Clark |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | CI108USA |
| **Receipt Date:** | 19-MAR-2017 |
| **Filing Date:** | 30-JUL-2011 |
| **Time Stamp:** | 15:37:40 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Amendment/Req. Reconsideration-After Non-Final Reject | CI108USA_Non-Final_OA_Due_6-9-17_Response_20170319.pdf | 83819 12b3951a1573d3721007205ee035dce0bf7ef876 | no | 1 |

**Warnings:**

| Information: | | |
|---|---|---|
| **Total Files Size (in bytes):** | | 83819 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/194,946 | 07/30/2011 | Ronald Charles Krosky | CI108USA | 1966 |

85449          7590          03/09/2017
BCRK
19530 Telbir Ave.
Rocky River, OH 44116

| EXAMINER |
|---|
| HOEL, MATTHEW D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3714 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/09/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 13/194,946 | KROSKY ET AL. |
| | **Examiner** | **Art Unit** | |
| | Matthew D. Hoel | 3714 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>21 October 2016</u>.

2a)☐ This action is **FINAL**.     2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) <u>5 and 48-53</u> is/are pending in the application.

    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>5 and 48-53</u> is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____ .

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____ .

3)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

4)☐ Other: _____ .

Application/Control Number: 13/194,946                                     Page 2
Art Unit: 3714

The present application is being examined under the pre-AIA first to invent

provisions.

**DETAILED ACTION**

***Claim Rejections - 35 USC § 103***

1.      In the event the determination of the status of the application as subject to AIA 35

U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any

correction of the statutory basis for the rejection will not be considered a new ground of

rejection if the prior art relied upon, and the rationale supporting the rejection, would be

the same under either status.

2.      The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis

for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described
> as set forth in section 102, if the differences between the subject matter sought to be patented
> and the prior art are such that the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary skill in the art to which said subject
> matter pertains. Patentability shall not be negatived by the manner in which the invention was
> made.

3.      The factual inquiries set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under pre-AIA 35 U.S.C. 103(a) are summarized as follows:

1. Determining the scope and contents of the prior art.

2. Ascertaining the differences between the prior art and the claims at issue.

3. Resolving the level of ordinary skill in the pertinent art.

Application/Control Number: 13/194,946                                              Page 3
Art Unit: 3714

    4. Considering objective evidence present in the application indicating

obviousness or nonobviousness.

**4.**    Claim 5 and 48 to 53 is/are rejected under pre-AIA 35 U.S.C. 103(a) as being

unpatentable over Cheng (U.S. Pre-Grant Publication 2008/0293488 A1) in view of Mori

(U.S. Patent 7,736,220 B2).

1.    Regarding Claims 5 and 48 to 43: Cheng discloses a system, comprising: a

search component configured to make a determination if a base map for a rendered

map is available ("Each cell can have one or more photographs associated with the

cell." **Chen ¶ 0064**.  "In various implementations, if there is more than one photograph

that can be used to show a particular portion of a path (or substantially the same portion

of the path), the photograph with the highest priority is selected." **Cheng ¶ 0184**.  *E.g.*,

"If there is a course landmark such as a building or a photograph hazard, photographs

showing the landmark are given higher priority." **Cheng TABLE 1**.  When there are

multiple photographs for a cell, a particular photograph is searched for by determining

which photograph has the highest priority, if that photograph is available; for example,

the system must determine if there is a photograph with a landmark in order to provide

that photograph with the landmark with the highest priority.); an analysis component

configured to analyze a map data set to produce an evaluation result, where the base

map is at least part of the map data set when available ("One or more photographic

images of the course corresponding to the virtual object's new location(s) on or above

the course terrain are identified (step 206)." **Chen ¶ 0060, FIG. 2A**.  As discussed

above, photographs are given priority, if found and available.); and a production

component configured to produce the rendered map based, at least in part, on the

evaluation result, where the rendered map is retained in a computer-readable medium

("The virtual object is then incorporated into the photographic image(s) using a mapping

technique that is described below (step 208). The virtual object can be animated in the

photograph(s) and appears at the proper location and scale based on the virtual object's

location in relation to the course terrain." **Chen ¶ 0060, FIG. 2A; *see also* FIGS. 1A-C,**

**3A-C, 5I**.). Cheng discloses a system, comprising: an interaction component configured

to receive a request for a rendered map ("Some or all of a virtual object's movement in

the virtual course can be animated in a course photograph. For example, after the

player strikes the golf ball 108 in photograph 102a (as shown in FIGS. 1A), photograph

102b (as shown in FIGS. 1B) can be presented to the player along with animation of the

ball 108 falling from the sky at location 108a, impacting the golf course at location 108b,

and rolling to resting location 108c." **Cheng ¶ 0062**.  Additionally, "clients 702a-d to

play in the same virtual course, if desired, and allows for other multiplayer features such

team forming and competitions between players and teams." **Cheng ¶ 0178**.  When the

clients (users) choose to play on the same course, the players are requesting the

course to be rendered.); the gather component is configured to collect a map data set

("A sequence of photographs is then automatically selected, as described above, which

have a view of the course areas on the path," *i.e.*, the selected photographs in the

sequence are gathered (retrieved) to display the course areas.  **Cheng ¶ 0187**.

Additionally, "FIG. 2B is a flowchart 201 of an example technique for pre-fetching

photographic images for mapping in a simulation such as an electronic game. Pre-

Application/Control Number: 13/194,946                                    Page 5
Art Unit: 3714

fetching photographic images can improve the responsiveness of interactive

applications by locally caching photographs ahead of time before they are needed."

**Cheng ¶ 0061**.), an analysis component configured to analyze the map data set to

produce an analysis result ("One or more photographic images of the course

corresponding to the virtual object's new location(s) on or above the course terrain are

identified (step 206)." **Cheng ¶ 0060, FIG. 2A**.), a production component configured to

produce the rendered map based, at least in part, on the analysis result, where the

rendered map is retained in a computer-readable medium ("The virtual object is then

incorporated into the photographic image(s) using a mapping technique that is

described below (step 208). The virtual object can be animated in the photograph(s)

and appears at the proper location and scale based on the virtual object's location in

relation to the course terrain." **Cheng ¶ 0060, FIG. 2A; *see also* FIGS. 1A-C, 3A-C,**

**5I**.).  For these reasons, the examiner believes Cheng discloses the identification,

checking, determination, and modification as claimed.  Mori, however, discloses a

racing game involving running into barriers on the course (Abst.; sidewall 3:38-4:30).  It

would have been obvious to one of ordinary skill in the art at the time of invention to

have applied Mori's racing game to the game of Cheng where the view of a player's

location is updated along a course since this would be an improvement to a racing

game by allowing the immediate area around each driver to be visible at all times on the

game screen.

Application/Control Number: 13/194,946                                          Page 6
Art Unit: 3714

### *Conclusion*

2.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Matthew D. Hoel whose telephone number is (571)272-5961.  The examiner can normally be reached on 8:00 A.M. to 4:30 P.M..

3.    Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

4.    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, David L. Lewis can be reached on (571) 272-7673.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

5.    Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/M. D. H./
Examiner, Art Unit 3714
/DAVID L LEWIS/

Application/Control Number: 13/194,946                                          Page 7
Art Unit: 3714

Supervisory Patent Examiner, Art Unit 3714