# Exhibit A-10

‘241 Patent Filewrapper, tenth 70 pages

Application/Control Number: 13/194,946                                             Page 4
Art Unit: 3718

component (as recited in claim 1) and the rendered map is not available (as recited in claim 22).

8.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

9.      **Claim 22 is rejected under 35 U.S.C. 112, second paragraph**, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

10.     **Claim 22 recites** "the analysis component and production component are configured to function if the determination is that the rendered map is not available."   However claim 1, which claim 22 depends from, recites the "production component configured to produce a rendered map."  It is unclear how the rendered map is produced by the production component (as recited in claim 1), but also that the rendered map is not available (as recited in claim 22).

## *Claim Rejections - 35 USC § 102*

11.     The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in
public use or on sale in this country, more than one year prior to the date of application for patent in
the United States.

12.   ***Claims 1-6, 21, and 28-34 are rejected under 35 U.S.C. 102(b) as being***
***anticipated by US Pub. No. 2008/0293488 A1 ("Cheng").***

13.   **In regards to claim 1**, Cheng discloses a system, comprising:

an analysis component configured to analyze a map data set to produce an
evaluation result ("One or more photographic images of the course
corresponding to the virtual object's new location(s) on or above the course
terrain are identified (step 206)." **Chen ¶ 0060, FIG. 2A**.); and

a production component configured to produce a rendered map based, at least in
part, on the evaluation result, where the rendered map is retained in a computer-
readable medium ("The virtual object is then incorporated into the photographic
image(s) using a mapping technique that is described below (step 208). The
virtual object can be animated in the photograph(s) and appears at the proper
location and scale based on the virtual object's location in relation to the course
terrain." **Chen ¶ 0060, FIG. 2A;** ***see also*** FIGS. 1A-C, 3A-C, 5I.).

14.   **In regards to claim 2**, Chen discloses the system of claim 1, where the
production component produces the rendered map such that a pre-rendered map
is altered in accordance with the map data set to become the rendered map ("a

photograph is used as a template to create a surface type map. Alternative implementations allow assigning surface characteristics to the course terrain directly … the real world objects in a given photograph are assigned a surface type (step 562). The surface characteristics are then mapped to corresponding areas of the course terrain so that they can be used in calculating virtual object's response to interaction with the course terrain."  Chen ¶ 0136, FIGS. 5A-P.).

15.    **In regards to claim 3**, Chen discloses the system of claim 1, where the rendered map is configured for use in a video game ("Electronic games and other types of simulations."  Chen ¶ 0047-48.).

16.    **In regards to claim 4**, Chen discloses the system of claim 1, comprising: an interaction component configured to receive a request for the rendered map; an evaluation component configured to evaluate the request that produces an evaluation result, where the evaluation result indicates information to gather to produce the rendered map; and a gather component configured to gather the map data set according to information the evaluation result indicates to gather, where the map data set is gathered prior to analysis by the analysis component ("FIG. 7E is an overhead view of an example virtual course illustrating cells 703a-m on a virtual terrain and along a virtual object path 709 … The client 702 includes a shot selector component 720 for determining an ordered sequence of photographs ("shot sequence") that will be presented in the GUI 718 based on photographs of cells that are on or about the path."  Chen ¶ 0182-86.  "FIG. 2B is

a flowchart 201 of an example technique for pre-fetching photographic images for mapping in a simulation such as an electronic game. Pre-fetching photographic images can improve the responsiveness of interactive applications by locally caching photographs ahead of time before they are needed."  Chen ¶ 0061.).

17.    **In regards to claim 5**, Chen discloses the system of claim 1, comprising: a search component configured to make a determination if a base map for the rendered map is available, where the base map is at least part of the map data set when available ("Each cell can have one or more photographs associated with the cell."  Chen ¶ 0064.).

18.    **In regards to claim 6**, Chen discloses the system of claim 5, comprising an alteration component configured to alter the base map based, at least in part, on a determination on how to alter the base map, where the analysis component being configured to analyze the map data set comprises being configured to make a determination on how to alter the base map in response to the determination being that the base map is available ("Sometimes it may be advantageous to combine two or more photographs into a single continuous photograph, such as when the "best" photograph for a virtual object would be a combined photograph, to provide a larger field of view than what is afforded by a single photograph, or to create the illusion that users can freely move through a course."  Chen ¶ 0191.).

19.    **In regards to claim 21**, Chen discloses the system of claim 6, where the analysis component is configured to make a determination on if the base map should be used for the rendered map and where the alteration component functions in response to the determination on if the base map should be used for the rendered map being positive ("Sometimes it may be advantageous to combine two or more photographs into a single continuous photograph, such as when the "best" photograph for a virtual object would be a combined photograph, to provide a larger field of view than what is afforded by a single photograph, or to create the illusion that users can freely move through a course."   Chen ¶ 0191.).

20.    **In regards to claim 28**, Chen discloses The system of claim 3, where the rendered map is a map of a race course and where a racing video game application is configured to use the rendered map of the race course ("Various implementations recreate the experience of playing on a course (e.g., … a race track)."  Chen ¶ 0047.).

21.    **In regards to claim 29**, Chen discloses The system of claim 28, where the computer-readable medium is a first computer- readable medium and where the racing video game application is supplied from a second computer-readable medium that is separate from the first computer-readable medium (*See* Chen FIGS. 7A-7H, ¶ 0176-195.).

22.   **In regards to claim 30**, Chen discloses The system of claim 3, where the rendered map comprises an environment upon which an avatar can navigate ("Various implementations recreate the experience of playing on a course (e.g., a golf course, a baseball diamond, a race track)."  Chen ¶ 0047.).

23.   **In regards to claim 31**, Chen discloses The system of claim 3, comprising: an appraisal component configured to make an evaluation of a content presented by way of an electronic device; and a decision component configured to proactively select the rendered map for production based, at least in part, on a result from the evaluation ("A three-dimensional path through a virtual course is determined by a simulation or other means (step 717). The virtual course includes a model of a physical terrain for a physical course. The terrain model is used to determine how a virtual object interacts with a virtual course. A determination is made as to which areas of the physical course areas are on the path (step 719). A sequence of photographs is then automatically selected, as described above, which have a view of the course areas on the path (step 721)."  Chen ¶ 0187.).

24.   **In regards to claim 32**, Chen discloses The system of claim 4, where the map data set is a physical information set about an area that the rendered map represents ("One or more photographic images of the course corresponding to the virtual object's new location(s) on or above the course terrain are identified (step 206)."  Chen ¶ 0060, FIG. 2A.).

25.    **In regards to claim 33**, Chen discloses The system of claim 32, comprising: an identification component configured to identify a missing information set in the physical information set; and an approximation component configured to determine a substitute information set for the missing information set, where the rendered map is based, at least in part, on the physical information set and the substitute information set ("Sometimes it may be advantageous to combine two or more photographs into a single continuous photograph, such as when the "best" photograph for a virtual object would be a combined photograph, to provide a larger field of view than what is afforded by a single photograph, or to create the illusion that users can freely move through a course."  Chen ¶ 0191.).

26.    **In regards to claim 34**, Chen discloses The system of claim 32, where the rendered map is configured for use in a video game ("Electronic games and other types of simulations."  Chen ¶ 0047-48.).

### *Claim Rejections - 35 USC § 103*

27.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

28.    *Claim 22 is rejected under 35 U.S.C. 103(a) as being unpatentable over Chen as applied to claim 1 above, and further in view of Official Notice.*

29.    **In regards to claim 22**, Chen discloses The system of claim 1, comprising: an interaction component configured to receive a request for the rendered map; a gather component configured to make a determination on if the rendered map is available in response to the request, where the gather component is configured to obtain the rendered map if the determination is that the rendered map is available ("FIG. 7E is an overhead view of an example virtual course illustrating cells 703a-m on a virtual terrain and along a virtual object path 709 … The client 702 includes a shot selector component 720 for determining an ordered sequence of photographs ("shot sequence") that will be presented in the GUI 718 based on photographs of cells that are on or about the path."  Chen ¶ 0182-86. "FIG. 2B is a flowchart 201 of an example technique for pre-fetching photographic images for mapping in a simulation such as an electronic game. Pre-fetching photographic images can improve the responsiveness of interactive applications by locally caching photographs ahead of time before they are needed."  Chen ¶ 0061.) but does not explicitly recite and where the analysis component and production component are configured to function if the determination is that the rendered map is not available.

Application/Control Number: 13/194,946                                      Page 12
Art Unit: 3718

30.    However, Official Notice is taken that it is well known for a computing system to

continue processes even in the occurrence of an error (e.g., some data is

missing).

31.    It would have been obvious to one having ordinary skill in the art at the time the

invention was made to continue play of the golf game of Chen and not display a

rendered map (instead, using course terrain data which already lays out the

course) as taught by Official Notice in order to allow for a video game to continue

in the event of lost or corrupted data because Official Notice suggests said

feature is desirable when performing computing operations as found in claim 22.

32.    ***Claims 23 and 25-27 is rejected under 35 U.S.C. 103(a) as being***

***unpatentable over Chen as applied to claim 3 above, and further in view of***

***US Pub. No. 2002/0072418 A1 ("Masuyama").***

33.    **In regards to claim 23**, Chen discloses the system of claim 3, but does not

explicitly recite where the computer-readable medium is at a first location, where

the rendered map is made available to a second location, and where the first

location and the second location are different locations remote to one another.

34.    Masuyama, however, teaches "a plurality of portable game apparatuses may be

connected through utilizing communication cables or radio communication to

allow a plurality of players to enjoy a game. For example, the game characters or

game map (game world) may be shared by a plurality of players so that a change
in a game character or game map based on certain player's operation is reflected
upon other players' portable game apparatuses." Masuyama ¶ 0175.

35.    It would have been obvious to one having ordinary skill in the art at the time the
invention was made to modify the Chen reference to share maps between game
players as taught by Masuyama in order to allow for multiplayer gaming and
players to compete or play together on the same map because Masuyama
suggests said feature is desirable when providing a game with maps and multiple
locations to play the game as found in claim 23.

36.    **In regards to claim 25**, the Chen-Masuyama combination discloses The system
of claim 23, where the first location is a first video game system, where the
second location is a second video game system, and where the first video game
system and the second video game system are the same video game system
("other players' portable game apparatuses." Masuyama ¶ 0175.).

37.    **In regards to claim 26**, the Chen-Masuyama combination discloses The system
of claim 23, where a housing retains the computer-readable medium, where the
housing retains the analysis component, where the housing retains the
production component, where the first location is a video game system, and
where the housing is part of the video game system (*See* Chen FIGS. 7A-7H, ¶
0176-195.).

38. **In regards to claim 27**, the Chen-Masuyama combination discloses The system of claim 26, where the first location is a first video game system, where the second location is a second video game system, where the second location is configured to produce a second video game map made available to the first video game system, and where the second video game map is retained at the second video game system ("other players' portable game apparatuses." Masuyama ¶ 0175, *see* Chen FIGS. 7A-7H, ¶ 0176-195.).

39. *Claim 24 is rejected under 35 U.S.C. 103(a) as being unpatentable over Chen in view of Masuyama as applied to claim 23 above, and further in view of US Pub. No. 2008/0227548 A1 ("Choudhry").*

40. **In regards to claim 24**, the Chen-Masuyama combination discloses the system of claim 23, but does not explicitly recite where the first location is a first video game system, where the second location is a second video game system, and where the first video game system and the second video game system are different video game systems.

41. Choudhry, however, teaches "A user of a software application (e.g., game or title) running at a gaming console may interact securely in real-time with a user of a compatible software application running at a general purpose computing device. Thus, a game player on the gaming console may play online over a secured communication channel with a game player on a PC, for example."

42.    It would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the Chen-Masuyama combination to provide games across different gaming systems as taught by Choudhry in order to allow for cross-platform gaming so more players with different systems can play together because Choudhry suggests said feature is desirable when providing gaming between different game systems as found in claim 24.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to BACH HOANG whose telephone number is (571)270-3105.  The examiner can normally be reached on Monday - Thursday and every other Friday, 8:15 AM - 5:15 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Peter Vo can be reached on 571-272-4690.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 13/194,946                                    Page 16
Art Unit: 3718

    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/BACH  HOANG/
Examiner, Art Unit 3718


/Peter DungBa Vo/

Supervisory Patent Examiner, Art Unit 3718

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| ***Notice of References Cited*** | | 13/194,946 | KROSKY ET AL. |
| | | Examiner | Art Unit | |
| | | BACH HOANG | 3718 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2002/0072418 A1 | 06-2002 | Masuyama et al. | 463/43 |
| * | B | US-2008/0227548 A1 | 09-2008 | Choudhry et al. | 463/42 |
| * | C | US-2008/0291220 A1 | 11-2008 | Cheng et al. | 345/632 |
| * | D | US-2008/0291216 A1 | 11-2008 | Cheng et al. | 345/619 |
| * | E | US-2008/0293464 A1 | 11-2008 | Cheng et al. | 463/3 |
| * | F | US-2008/0293488 A1 | 11-2008 | Cheng et al. | 463/31 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13194946 | KROSKY ET AL. |
| | **Examiner** | **Art Unit** |
| | BACH HOANG | 3718 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ Claims renumbered in the same order as presented by applicant      ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/19/2012 | | | | | | | |
| | 1 | ✓ | | | | | | | |
| | 2 | ✓ | | | | | | | |
| | 3 | ✓ | | | | | | | |
| | 4 | ✓ | | | | | | | |
| | 5 | ✓ | | | | | | | |
| | 6 | ✓ | | | | | | | |
| | 7 | - | | | | | | | |
| | 8 | - | | | | | | | |
| | 9 | - | | | | | | | |
| | 10 | - | | | | | | | |
| | 11 | - | | | | | | | |
| | 12 | - | | | | | | | |
| | 13 | - | | | | | | | |
| | 14 | - | | | | | | | |
| | 15 | - | | | | | | | |
| | 16 | - | | | | | | | |
| | 17 | - | | | | | | | |
| | 18 | - | | | | | | | |
| | 19 | - | | | | | | | |
| | 20 | - | | | | | | | |
| | 21 | ✓ | | | | | | | |
| | 22 | ✓ | | | | | | | |
| | 23 | ✓ | | | | | | | |
| | 24 | ✓ | | | | | | | |
| | 25 | ✓ | | | | | | | |
| | 26 | ✓ | | | | | | | |
| | 27 | ✓ | | | | | | | |
| | 28 | ✓ | | | | | | | |
| | 29 | ✓ | | | | | | | |
| | 30 | ✓ | | | | | | | |
| | 31 | ✓ | | | | | | | |
| | 32 | ✓ | | | | | | | |
| | 33 | ✓ | | | | | | | |
| | 34 | ✓ | | | | | | | |

U.S. Patent and Trademark Office

| ***Search Notes*** | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 13194946 | KROSKY ET AL. |
| | **Examiner** | **Art Unit** |
| | BACH HOANG | 3718 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 463 | 6, 30-32, 43 | | |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Inventor name search | 9/18/2012 | BVH |
| EAST database text search | 9/18/2012 | BVH |
| Forward/backward citation search of relevant prior art refereces | 9/18/2012 | BVH |
| EAST database text search | 9/19/2012 | BVH |

## INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

| /BACH HOANG/<br>Examiner.Art Unit 3718 | |
|---|---|
| | |

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|

| Application Number | 13194946 |
|---|---|
| Filing Date | 7-30-2011 |
| First Named Inventor | Ronald Charles Krosky |
| Art Unit | 2628 |
| Examiner Name | NA |
| Attorney Docket Number | CI108USA |

### U.S.PATENTS

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button.

### U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

### FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2]i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

### NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /B.H./

Receipt date: 09/24/2011

| | |
|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | |

| | |
|---|---|
| Application Number | 13194946 - GAU: 3718 |
| Filing Date | |
| First Named Inventor | |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | |

| | | | |
|---|---|---|---|
| | | SHAUN MCINNIS; Gran Turismo 5 Update - Dynamic Weather, Rally Courses, and Playing on Your Computer - PlayStation 3 Previews at GameSpot; 9-16-2010; 5 pages; Gamespot | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | /Bach Hoang/ | Date Considered | 09/19/2012 |
|---|---|---|---|

\*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /B.H./

Receipt date: 09/24/2011

| | | 13194946 - GAU: 3718 |
|---|---|---|
| | Application Number | |
| **INFORMATION DISCLOSURE** | Filing Date | |
| **STATEMENT BY APPLICANT** | First Named Inventor | |
| ( Not for submission under 37 CFR 1.99) | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

---

### CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐   That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐   That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐   See attached certification statement.

☐   The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒   A certification statement is not submitted herewith.

### SIGNATURE
A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Matthew Clapper/ | Date (YYYY-MM-DD) | 2011-09-24 |
|---|---|---|---|
| Name/Print | Matthew Clapper | Registration Number | 62216 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.1.17

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH.  /B.H./

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.      The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.      A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.      A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.      A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.      A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.      A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.      A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.      A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.      A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /B.H./

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| L2 | 104 | (share$1 OR sharing) WITH (map) WITH (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/19 13:08 |
| L3 | 44 | (download$3) NEAR4 (map) NEAR4 (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/19 13:11 |
| L4 | 0 | (download$3) NEAR4 (custom$3) NEAR4 (map) NEAR4 (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/19 13:11 |
| L5 | 7 | (download$3) WITH (custom$3) WITH (map) WITH (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/19 13:12 |
| L6 | 8 | (download$3) WITH (custom$4) WITH (map) WITH (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/19 13:12 |
| L7 | 0 | (download$3) WITH (user ADJ (creat$3 OR generat$3)) WITH (map) WITH (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/19 13:14 |
| L8 | 17 | (user ADJ (creat$3 OR generat$3)) WITH (map) WITH (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/19 13:14 |
| L9 | 684 | ( (share$1 OR sharing) NEAR3 (map) ) | US-PGPUB; | OR | ON | 2012/09/19 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | AND game | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | | | 13:17 |
| L10 | 470 | ( (user OR player OR friend) WITH (share$1 OR sharing) WITH (map) ) AND game | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2012/09/19<br>13:18 |
| L12 | 6 | ("cross platform") NEAR3 (multiplayer OR "multi player") | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2012/09/19<br>13:29 |
| S1 | 9 | ((RONALD) near2 (KROSKY)).INV. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2012/09/17<br>16:30 |
| S2 | 1 | ((BRENDAN) near2 (CLARK)).INV. | US-PGPUB;<br>USPAT;<br>USOCR | OR | ON | 2012/09/17<br>16:30 |
| S3 | 6166 | (463/6,30-32,43).CCLS. | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | OFF | 2012/09/18<br>10:25 |
| S4 | 9 | (map) NEAR3 (incorporat$3) NEAR3 (game) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2012/09/18<br>10:43 |
| S5 | 0 | ( real ADJ (world OR life) ) ADJ map ) NEAR3 (incorporat$3) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2012/09/18<br>11:10 |
| S6 | 0 | ( (actual ADJ (world OR life)) ADJ map ) NEAR3 (incorporat$3) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2012/09/18<br>11:10 |
| S7 | 1 | ( (actual OR real) ADJ map ) NEAR3 (incorporat$3) | US-PGPUB;<br>USPAT;<br>USOCR;<br>FPRS;<br>EPO; JPO;<br>DERWENT;<br>IBM_TDB | OR | ON | 2012/09/18<br>11:11 |

EAST Search History

| S8 | 364 | ( ( actual OR real) ADJ (world OR location OR arena OR stadium OR environment) ) NEAR3 (incorporat$3) | USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/18 11:14 |
|----|-----|------|------|----|----|------|
| S9 | 364 | ( ( actual OR real) ADJ (world OR location OR arena OR stadium OR environment) ) NEAR3 (incorporat$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/18 11:14 |
| S10 | 5522 | ( map NEAR3 (render$3) ) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/18 12:49 |
| S11 | 2 | ( ( actual OR real) ADJ (track OR course) ) NEAR3 (incorporat$3) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/18 12:50 |
| S12 | 314 | ( map NEAR3 (render$3) ) AND (map NEAR3 (analy$5)) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/18 13:06 |
| S13 | 2 | (mapped OR mapping) NEAR3 (incorporat$3) NEAR3 (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2012/09/18 13:07 |
| S14 | 0 | ("2008/0018667").URPN. | USPAT | OR | ON | 2012/09/18 14:21 |
| S15 | 28 | ("20010008840" \| "20010011035" \| "20020161461" \| "20020187831" \| "20020196263" \| "20030078086" \| "20030087652" \| "20040110565" \| "20050012740" \| "20050153785" \| "20050286759" \| "20060038833" \| "20060055711" \| "20060128468" \| "20060223635" \| "20080291216" \| "20080291220" \| "20080293464" \| "20080293488" \| "5423554" \| "6166744" \| "6282362" \| "6396537" \| "6504571" \| "6611266" \| "6741864" \| "7084876" \| "7214133").PN. OR ("7847808").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2012/09/18 14:21 |
| S16 | 7 | ("4766541" \| "5682469" \| "6168519" \| "6600491" \| "6676518" \| "6798426").PN. OR ("7084876").URPN. | US-PGPUB; USPAT; USOCR | OR | ON | 2012/09/18 14:28 |
| S17 | 24 | US-20010008840-$.DID. OR US- | US-PGPUB; | OR | ON | 2012/09/18 |

| | | | | | |
|---|---|---|---|---|---|
| | | 20010011035-$.DID. OR US-20020196263-$.DID. OR US-20030078086-$.DID. OR US-20050012740-$.DID. OR US-20060128468-$.DID. OR US-20080291216-$.DID. OR US-20080291220-$.DID. OR US-20080293464-$.DID. OR US-1212008-$.DID. OR US-20080018667-$.DID. OR US-1242008-$.DID. OR US-6227973-$.DID. | US-PGPUB; USPAT; USOCR; JPO; DERWENT | | | 15:31 |
| S18 | 4 | US-20030078086-$.DID. OR US-7847808-$.DID. | US-PGPUB; USPAT; USOCR; JPO; DERWENT | OR | ON | 2012/09/18 15:31 |
| S19 | 4 | US-20070060346-$.DID. OR US-20070173333-$.DID. | US-PGPUB; USPAT; USOCR; JPO; DERWENT | OR | ON | 2012/09/18 15:32 |
| S20 | 2 | US-20040198490-$.DID. | US-PGPUB; USPAT; USOCR; JPO; DERWENT | OR | ON | 2012/09/18 15:32 |
| S21 | 6 | US-20050177255-$.DID. OR US-20050202888-$.DID. OR US-20070094700-$.DID. | US-PGPUB; USPAT; USOCR; JPO; DERWENT | OR | ON | 2012/09/18 15:35 |
| S22 | 18 | US-20030087652-$.DID. OR US-20040110565-$.DID. OR US-20060038833-$.DID. OR US-20060055711-$.DID. OR US-20060223635-$.DID. OR US-5423554-$.DID. OR US-6166744-$.DID. OR US-6611266-$.DID. OR US-7084876-$.DID. | US-PGPUB; USPAT; USOCR; JPO; DERWENT | OR | ON | 2012/09/18 15:41 |
| S23 | 22 | US-20010008840-$.DID. OR US-20010011035-$.DID. OR US-20020196263-$.DID. OR US-20030078086-$.DID. OR US-20050012740-$.DID. OR US-20060128468-$.DID. OR US-20080018667-$.DID. OR US-1242008-$.DID. OR US-20080291216-$.DID. OR US-20080293464-$.DID. OR US-20080293488-$.DID. OR US-6227973-$.DID. | US-PGPUB; USPAT; USOCR; JPO; DERWENT | OR | ON | 2012/09/18 15:42 |
| S24 | 2 | ("7557807").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2012/09/18 15:45 |
| S25 | 18 | (share$1 OR sharing) NEAR4 (map) NEAR4 (game) | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; | OR | ON | 2012/09/19 12:03 |

|  |  |  | DERWENT;<br>IBM_TDB |  |  |  |
|---|---|---|---|---|---|---|

9/19/2012 2:51:02 PM
C:\Users\bhoang\Documents\EAST\Workspaces\13 194 946.wsp



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 1966**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 13/194,946 | 07/30/2011 | 463 | 3718 | CI108USA |
| | **RULE** | | | |

**APPLICANTS**
  Ronald Charles Krosky, Baltimore, MD;
  Brendan Edward Clark, Rocky River, OH;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
  This appln claims benefit of 61/409,027 11/01/2010

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* \*\* SMALL ENTITY \*\***
  08/10/2011

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | | | | |
| Verified and Acknowledged   /BACH V HOANG/   Examiner's Signature   Initials | | MD | 22 | 20 | 3 |

**ADDRESS**

  CONVERGENT INSIGHT, LLC
  19530 Telbir Ave.
  Rocky River, OH 44116
  UNITED STATES

**TITLE**

  OUTPUT PRODUCTION

| FILING FEE RECEIVED 462 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

Application No.:     13/194,946                  Confirmation No.:     1966

Applicant:          Ronald Krosky, et al.

Filed:              July 30, 2011

Art Unit:           2628

Examiner:           Hoang, Bach V

Docket Number:      CI108USA

Customer Number:    85449


Commissioner for Patents

P.O. Box 1450

Alexandria VA 22313-1450


## RESTRICTION REQUIREMENT RESPONSE

In response to the Restriction Response of August 3, 2012, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 6 of this paper.

**Amendment to the Claims**

This listing of claims will replace all prior versions, and listings, of claims in the application:

What is claimed is:

1.      (Original)  A system, comprising:

an analysis component configured to analyze a map data set to produce an evaluation result; and

a production component configured to produce a rendered map based, at least in part, on the evaluation result, where the rendered map is retained in a computer-readable medium.

2.      (Original)      The system of claim 1, where the production component produces the rendered map such that a pre-rendered map is altered in accordance with the map data set to become the rendered map.

3.      (Original)  The system of claim 1, where the rendered map is configured for use in a video game.

4.      (Original)  The system of claim 1, comprising:

an interaction component configured to receive a request for the rendered map;

an evaluation component configured to evaluate the request that produces an evaluation result, where the evaluation result indicates information to gather to produce the rendered map; and

a gather component configured to gather the map data set according to information the evaluation result indicates to gather, where the map data set is gathered prior to analysis by the analysis component.

5.      (Currently Amended)  The system of claim 1, comprising:

a search component configured to ~~determine~~ make a determination if a base map for the rendered map is available, where the base map is at least part of the map data set when available.

6.     (Currently Amended)  The system of claim 5, ~~comprising:~~

~~an alteration component configured to alter the base map based, at least in part, on a determination on how to alter the base map, where the analysis component being configured to analyze the map data set comprises being configured to make a determination on how to alter the base map in response to the determination being that the base map is available~~where the base map is modified to become the rendered map.

7-20.   (Cancelled)

21.     (New)  The system of claim 6, where the analysis component is configured to make a determination on if the base map should be used for the rendered map and where the alteration component functions in response to the determination on if the base map should be used for the rendered map being positive.

22.     (New)  The system of claim 1, comprising:

an interaction component configured to receive a request for the rendered map;

a gather component configured to make a determination on if the rendered map is available in response to the request, where the gather component is configured to obtain the rendered map if the determination is that the rendered map is available and where the analysis component and production component are configured to function if the determination is that the rendered map is not available.

23.     (New)  The system of claim 3, where the computer-readable medium is at a first location, where the rendered map is made available to a second location, and where the first location and the second location are different locations remote to one another.

24.     (New)  The system of claim 23, where the first location is a first video game system, where the second location is a second video game system, and where the first video game system and the second video game system are different video game systems.

25.     (New)  The system of claim 23, where the first location is a first video game system, where the second location is a second video game system, and where the first video game system and the second video game system are the same video game system.

26.     (New)  The system of claim 23, where a housing retains the computer-readable medium, where the housing retains the analysis component, where the housing retains the production component, where the first location is a video game system, and where the housing is part of the video game system.

27.     (New)  The system of claim 26, where the first location is a first video game system, where the second location is a second video game system, where the second location is configured to produce a second video game map made available to the first video game system, and where the second video game map is retained at the second video game system.

28.     (New)  The system of claim 3, where the rendered map is a map of a race course and where a racing video game application is configured to use the rendered map of the race course.

29.     (New)  The system of claim 28, where the computer-readable medium is a first computer-readable medium and where the racing video game application is supplied from a second computer-readable medium that is separate from the first computer-readable medium.

30.     (New)  The system of claim 3, where the rendered map comprises an environment upon which an avatar can navigate.

31.     (New)  The system of claim 3, comprising:

an appraisal component configured to make an evaluation of a content presented by way of an electronic device; and

a decision component configured to proactively select the rendered map for production based, at least in part, on a result from the evaluation.

32.    (New)  The system of claim 4, where the map data set is a physical information set about an area that the rendered map represents.

33.    (New)  The system of claim 32, comprising:

an identification component configured to identify a missing information set in the physical information set; and

an approximation component configured to determine a substitute information set for the missing information set, where the rendered map is based, at least in part, on the physical information set and the substitute information set.

34.    (New)  The system of claim 32, where the rendered map is configured for use in a video game.

## **Remarks**

The Examiner is thanked for the Restriction Requirement of August 3, 2012.

Applicants elect Group I, claims 1-6 without traverse.  Applicants retain the right to pursue claims 7-20 in one or more divisional application or continuation application.  Claims 7-20 are cancelled herein, claims 5-6 are amended herein, and claims 21-34 are newly added and believed to be readable upon Group I.

A Notice of Allowance of this application is hereby requested if appropriate.  If a Notice of Allowance is not appropriate, then the Office is reminded of MPEP 2164.04 which states "…the examiner should always look for enabled, allowable subject matter and communicate to applicant what that subject matter is at the earliest point possible in the prosecution of the application."  This communication can include both currently claimed subject matter and subject matter not currently recited in the claims.


/Brendan E. Clark/

Brendan E. Clark

Reg. No. 67,691

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 13540862 |
| **Application Number:** | 13194946 |
| **International Application Number:** | |
| **Confirmation Number:** | 1966 |
| **Title of Invention:** | OUTPUT PRODUCTION |
| **First Named Inventor/Applicant Name:** | Ronald Charles Krosky |
| **Customer Number:** | 85449 |
| **Filer:** | Brendan Edward Clark |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | CI108USA |
| **Receipt Date:** | 20-AUG-2012 |
| **Filing Date:** | 30-JUL-2011 |
| **Time Stamp:** | 22:55:44 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Response to Election / Restriction Filed | CI108USA_Restriction_Due_9-3-12-Response.pdf | 90414 7cd08233327fd91f8c33faec5641b3456d13cb498 | no | 6 |

| Warnings: | |
|---|---|
| **Information:** | |

Total Files Size (in bytes):                90414

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 13/194,946 | Filing Date 07/30/2011 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

|  | | | SMALL ENTITY ☒ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

|  | | (Column 1) | | (Column 2) | | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 08/20/2012 | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | | X $30 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 1 | Minus | *** 3 | = 0 | | X $125 = | 0 | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | | OR | | |
| | | | | | | | TOTAL ADD'L FEE | 0 | OR | TOTAL ADD'L FEE | |

|  | | (Column 1) | | (Column 2) | | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NUMBER PREVIOUSLY PAID FOR | | PRESENT EXTRA | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus | *** | = | | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | | OR | | |
| | | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/TYWANA LOVELACE/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/194,946 | 07/30/2011 | Ronald Charles Krosky | CI108USA | 1966 |

85449          7590          08/03/2012
CONVERGENT INSIGHT, LLC
19530 Telbir Ave.
Rocky River, OH 44116

| EXAMINER |
|---|
| HOANG, BACH V |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3718 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/03/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
| | 13/194,946 | KROSKY ET AL. |
| | Examiner | Art Unit |
| | BACH HOANG | 3718 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>*1*</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a).  In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>24 September 2011</u>.

2a)☐ This action is **FINAL**.          2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☐ Claim(s) _____ is/are pending in the application.

    5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☐ Claim(s) _____ is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☒ Claim(s) <u>*1-20*</u> are subject to restriction and/or election requirement.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

12)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____ .

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____ .

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____ .

Application/Control Number: 13/194,946                                    Page 2
Art Unit: 3718

## DETAILED ACTION

### *Election/Restrictions*

1.      Restriction to one of the following inventions is required under 35 U.S.C. 121:

    I.      Claims 1-6, drawn to a system having an analysis component and a

        production component, classified in class 703, subclass 532.

    II.     Claims 7-12, drawn to a method of retaining content in a first location

        retrievable at a second location, classified in class 463, subclass 43.

    III.    Claims 13-20, drawn to a system collecting and rendering physical

        information, classified in class 463, subclass 31.

The inventions are distinct, each from the other because of the following reasons:

2.      Inventions I, II, and III are directed to related video games. The related inventions

are distinct if: (1) the inventions as claimed are either not capable of use together or can

have a materially different design, mode of operation, function, or effect; (2) the

inventions do not overlap in scope, i.e., are mutually exclusive; and (3) the inventions as

claimed are not obvious variants.  See MPEP § 806.05(j).

3.      In the instant case, the inventions as claimed provide different aspects for a

video game.  Invention I is distinct from Invention II because Invention I is directed

towards analyzing map data to provide a result while Invention II is related to accessing

content stored at one location from a different location; map data may be analyzed

locally.

Application/Control Number: 13/194,946                                    Page 3
Art Unit: 3718

Invention I is distinct from Invention III because Invention I is directed towards analyzing

map data to provide a result while Invention III is related to collecting physical data

which then can be rendered in a video game; map data may be virtual map data.

Invention II is distinct from Invention III because invention II is directed towards

accessing content stored at one location from a different location, whereas Invention III

is related to collecting physical data which then can be rendered in a video game;

remote access of content does not require collecting physical data.  Furthermore, the

inventions as claimed do not encompass overlapping subject matter and there is

nothing of record to show them to be obvious variants.

4.      Restriction for examination purposes as indicated is proper because all these

inventions listed in this action are independent or distinct for the reasons given above

and there would be a serious search and/or examination burden if restriction were not

required because at least the following reason(s) apply:

The invention are distinct and a there would be a serious search burden on the

examiner because different classes/subclasses must be searched and different search

queries would have to be employed.

**Applicant is advised that the reply to this requirement to be complete <u>must</u>**

**include (i) an election of a invention to be examined** even though the requirement

may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing**

**the elected invention**.

The election of an invention may be made with or without traverse. To reserve a

right to petition, the election must be made with traverse. If the reply does not distinctly

Application/Control Number: 13/194,946                                    Page 4
Art Unit: 3718

and specifically point out supposed errors in the restriction requirement, the election

shall be treated as an election without traverse. Traversal must be presented at the time

of election in order to be considered timely. Failure to timely traverse the requirement

will result in the loss of right to petition under 37 CFR 1.144. If claims are added after

the election, applicant must indicate which of these claims are readable upon the

elected invention.

Should applicant traverse on the ground that the inventions are not patentably

distinct, applicant should submit evidence or identify such evidence now of record

showing the inventions to be obvious variants or clearly admit on the record that this is

the case. In either instance, if the examiner finds one of the inventions unpatentable

over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C.

103(a) of the other invention.

5.      Applicant is reminded that upon the cancellation of claims to a non-elected

invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one

or more of the currently named inventors is no longer an inventor of at least one claim

remaining in the application. Any amendment of inventorship must be accompanied by

a request under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(i).

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to BACH HOANG whose telephone number is (571)270-

3105.  The examiner can normally be reached on Monday - Thursday and every other

Friday, 8:15 AM - 5:15 PM.

Application/Control Number: 13/194,946                                    Page 5
Art Unit: 3718

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Peter Vo can be reached on 571-272-4690.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/BACH  HOANG/
Examiner, Art Unit 3718

/Peter DungBa Vo/
Supervisory Patent Examiner, Art Unit 3718



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 13/194,946 | 07/30/2011 | 2628 | 462 | CI108USA | 20 | 3 |

**CONFIRMATION NO. 1966**

85449
CONVERGENT INSIGHT, LLC
19530 Telbir Ave.
Rocky River, OH 44116

**UPDATED FILING RECEIPT**


*OC000000050151766*

Date Mailed: 10/04/2011

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**

    Ronald Charles Krosky, Baltimore, MD;
    Brendan Edward Clark, Rocky River, OH;

**Power of Attorney:** The patent practitioners associated with Customer Number 85449

**Domestic Priority data as claimed by applicant**

    This appln claims benefit of 61/409,027 11/01/2010

**Foreign Applications** (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)

Permission to Access - A proper **Authorization to Permit Access to Application by Participating Offices** (PTO/SB/39 or its equivalent) has been received by the USPTO.

**If Required, Foreign Filing License Granted:** 08/10/2011

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 13/194,946**

**Projected Publication Date:** Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
**\*\* SMALL ENTITY \*\***

**Title**

OUTPUT PRODUCTION

**Preliminary Class**

345

## PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

## LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

| Application or Docket Number |
|---|
| 13/194,946 |

### APPLICATION AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE($) | SMALL ENTITY FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 95 | | N/A | |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 310 | | N/A | |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 125 | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 20 | minus 20 = * | x 30 = | 0.00 | OR | | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 3 | minus 3 = | x 125 = | 0.00 | | | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $310 ($155 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | 0.00 | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | 0.00 | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 530 | | TOTAL | |

### APPLICATION AS AMENDED - PART II

#### AMENDMENT A

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

#### AMENDMENT B

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE($) | SMALL ENTITY ADDITIONAL FEE($) | OR | OTHER THAN SMALL ENTITY RATE($) | OTHER THAN SMALL ENTITY ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | x = | | OR | x = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | x = | | OR | x = | |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.

Application No.:       13/194,946            Confirmation No.:     1966

Applicant:            Ronald Krosky, et al.

Filed:                July 30, 2011

Art Unit:             2628

Examiner:             N/A

Docket Number:        CI108USA

Customer Number:      85449


Commissioner for Patents

P.O. Box 1450

Alexandria VA 22313-1450


### CORRECTED APPLICATION PAPERS AND PRELIMINARY AMENDMENT


Sir:

In response to the Notice to File Corrected Application Papers of 08/12/2011, please amend the above-identified application as follows:


**Amendments to the Specification** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 3 of this paper.

**Amendments to the Drawings** begin on page 7 of this paper and include both an attached replacement sheet and an annotated sheet showing changes.

**Remarks** begin on page 8 of this paper.

**A Replacement Figure** is uploaded separately.

1

**Amendments to the Specification**

Please replace the paragraph starting on page 9, line 12 with the following paragraph:

In one example, the player can make the request 320 (e.g., through a user interface) to race at Circuit de Monaco, home of the Monaco Grand Prix, in his video game.  The interaction component 305 receives the request 320 and the evaluation component 310 evaluates the request. As part of this evaluation, the evaluation component 310 can determine what information should be gathered to meet the user's request.  The gather component 315 can ~~100 to~~ locate information available on the Circuit de Monaco and collect such information.  In one example, racing websites, a web mapping service application, and other locations (e.g., online locations) can be searched to gather information (e.g., map data of the map data set 115) about the Circuit de Monaco.  Based on information gathered, the production component 110 can generate a video game version of the Circuit de Monaco and output the video game version (e.g., as the rendered map 210).

**Amendment to the Claims**

This listing of claims will replace all prior versions, and listings, of claims in the application:


What is claimed is:


1.      (Original)      A system, comprising:

an analysis component configured to analyze a map data set to produce an evaluation result; and

a production component configured to produce a rendered map based, at least in part, on the evaluation result, where the rendered map is retained in a computer-readable medium.


2.      (Original)      The system of claim 1, where the production component produces the rendered map such that a pre-rendered map is altered in accordance with the map data set to become the rendered map.


3.      (Original)      The system of claim 1, where the rendered map is configured for use in a video game.


4.      (Original)      The system of claim 1, comprising:

an interaction component configured to receive a request for the rendered map;

an evaluation component configured to evaluate the request that produces an evaluation result, where the evaluation result indicates information to gather to produce the rendered map; and

a gather component configured to gather the map data set according to information the evaluation result indicates to gather, where the map data set is gathered prior to analysis by the analysis component.


5.      (Original)      The system of claim 1, comprising:

a search component configured to determine if a base map for the rendered map is available, where the base map is at least part of the map data set when available.

3

6.      (Original)      The system of claim 5, where the base map is modified to become the rendered map.

7.      (Original)      A computer-readable medium storing computer-executable instructions that when executed by a computer cause the computer to perform a method, the method comprising:

      retaining a video game content at a first location; and

      causing the video game content to be available to a second location.

8.      (Original)      The computer-readable medium of claim 7, where the first location is a first video game console, where the second location is a second video game console, and where the first video game console is remote to the second video game console.

9.      (Original)      The computer-readable medium of claim 8, where the video game content is a video game map.

10.      (Original)      The computer-readable medium of claim 8, where the video game content is created at the first location.

11.      (Original)      The computer-readable medium of claim 8, where the video game content is a first video game content and where the second video game console retains a second video game content that is available to the first video game console.

12.      (Original)      The computer-readable medium of claim 7, the method comprising:

      obtaining a physical information set;

      evaluating the physical information set; and

      producing the video game content based, at least in part, on a result from evaluating the physical information set.

13.      (Original)      A system, comprising:

      a collection component configured to collect a physical information set; and

a render component configured to produce a video game output based, at least in part, on the physical information set, where the video game output is retained on a computer-readable medium.

14.      (Original)      The system of claim 13, comprising:

an identification component configured to identify missing information in the physical information set; and

an approximation component configured to determine a substitute information set for the missing information, where the video game output is based, at least in part, on the physical information set and the substitute information set.

15.      (Original)      The system of claim 13, where the collection component and render component reside upon a video game console.

16.      (Original)      The system of claim 13, where the physical information set is a physical map information set and where the video game output is a video game map.

17.      (Original)      The system of claim 16, where the video game map comprises a race course and where the video game enables use of the race course in a racing video game application.

18.      (Original)      The system of claim 16, where the video game map comprises an environment upon which an avatar can navigate.

19.      (Original)      The system of claim 13, where the physical information set is voice information and where the video game output is video game audio commentary.

20.      (Currently Amended) The system of claim [[14]]13, comprising:

an appraisal component configured to evaluate a content presented by way of an electronic device; and

a decision component configured to proactively select the video game output for production based, at least in part, on a result from evaluating the content.

**<u>Amendments to the Drawings</u>**

The attached sheet of drawings includes changes to the first Fig. 5.  The first Fig. 5 is changed to Fig. 4 and thus replaces the first Fig. 5.

**<u>Remarks</u>**

This response is believed to be fully responsive to the Notice to File Corrected Application Papers mailed 08/12/2011.  If this is not the case, then an indication as such is requested.

A Notice of Allowance of this application is hereby requested if appropriate.  If a Notice of Allowance is not appropriate, then the Office is reminded of MPEP 2164.04 which states "...the examiner should always look for enabled, allowable subject matter and communicate to applicant what that subject matter is at the earliest point possible in the prosecution of the application."  This communication can include both currently claimed subject matter and subject matter not currently recited in the claims.

<u>/Matthew F. Clapper/</u>

Matthew F. Clapper

Reg. No. 62,216

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 11043348 |
| **Application Number:** | 13194946 |
| **International Application Number:** | |
| **Confirmation Number:** | 1966 |
| **Title of Invention:** | OUTPUT PRODUCTION |
| **First Named Inventor/Applicant Name:** | Ronald Charles Krosky |
| **Customer Number:** | 85449 |
| **Filer:** | Matthew Franklin Clapper/Ronald Krosky |
| **Filer Authorized By:** | Matthew Franklin Clapper |
| **Attorney Docket Number:** | CI108USA |
| **Receipt Date:** | 24-SEP-2011 |
| **Filing Date:** | 30-JUL-2011 |
| **Time Stamp:** | 23:01:14 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Drawings-only black and white line drawings | CI108USA_RD.pdf | 39147 <br> 01c4bd325bf83f4277961ac0422c493ee18f71ad | no | 1 |

| | |
|---|---|
| **Warnings:** | |
| **Information:** | |

| 2 | Information Disclosure Statement (IDS) Form (SB08) | IDS.pdf | 70080<br><br>450712ee3afebe798f04c179fdf42907b1400bad | no | 4 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

This is not an USPTO supplied IDS fillable form

| 3 | Non Patent Literature | GT5.pdf | 1101375<br><br>837a1f5e9d919b0fce9d37d5d53b3b5d33e8af70 | no | 5 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| 4 | Preliminary Amendment | CI108USA_PA.pdf | 85167<br><br>4aa788ef44144c482ca16d958f2d5bd52cea0028 | no | 8 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| | Total Files Size (in bytes): | 1295769 |
|---|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Case 1:21-cv-11477-IT   Document 60-10 Filed 12/02/22   Page 57 of 71
Appl. No. 13/194,946
Amdt. Dated Sept. 24, 2011
Reply to Notice to File Corrected Application Papers of Aug. 12, 2011
Replacement Sheet

4/22



**FIG. 4**

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | 13194946 |
| Filing Date | 7-30-2011 |
| First Named Inventor | Ronald Charles Krosky |
| Art Unit | 2628 |
| Examiner Name | NA |
| Attorney Docket  Number | CI108USA |

## U.S.PATENTS

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | | | | | | |

If you wish to add additional U.S. Patent citation information please click the Add button.

## U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

## FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] ¡ | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

## NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|

EFS Web 2.1.17

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | |
| Art Unit | |
| Examiner Name | |
| Attorney Docket  Number | |

| | | | |
|---|---|---|---|
| | | SHAUN MCINNIS; Gran Turismo 5 Update - Dynamic Weather, Rally Courses, and Playing on Your Computer - PlayStation 3 Previews at GameSpot; 9-16-2010; 5 pages; Gamespot | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

## EXAMINER SIGNATURE

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
( Not for submission under 37 CFR 1.99)

| | |
|---|---|
| Application Number | |
| Filing Date | |
| First Named Inventor | |
| Art Unit | |
| Examiner Name | |
| Attorney Docket  Number | |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☐ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒ A certification statement is not submitted herewith.

## SIGNATURE
 A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Matthew Clapper/ | Date (YYYY-MM-DD) | 2011-09-24 |
|---|---|---|---|
| Name/Print | Matthew Clapper | Registration Number | 62216 |

This collection of information is required by 37 CFR 1.97 and 1.98.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.    The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.    A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.    A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.    A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.    A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.    A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.    A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.    A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.    A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | | Application or Docket Number<br>13/194,946 |
|---|---|---|

### APPLICATION AS FILED - PART I

| FOR | (Column 1)<br>NUMBER FILED | (Column 2)<br>NUMBER EXTRA | SMALL ENTITY<br>RATE($) | SMALL ENTITY<br>FEE($) | OR | OTHER THAN<br>SMALL ENTITY<br>RATE($) | OTHER THAN<br>SMALL ENTITY<br>FEE($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 82 | | N/A | |
| SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | 270 | | N/A | |
| EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | 110 | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | 20 | minus 20 = * | x 26 | = 0.00 | OR | | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | 3 | minus 3 = * | x 110 | = 0.00 | | | |
| APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $270 ($135 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | 0.00 | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | 0.00 | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | 462 | | TOTAL | |

### APPLICATION AS AMENDED - PART II

| | | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | SMALL ENTITY<br>RATE($) | SMALL ENTITY<br>ADDITIONAL FEE($) | OR | OTHER THAN<br>SMALL ENTITY<br>RATE($) | OTHER THAN<br>SMALL ENTITY<br>ADDITIONAL FEE($) |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT A | Total<br>(37 CFR 1.16(i)) | * | Minus ** | = | x | = | OR | x | = |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus *** | = | x | = | OR | x | = |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL<br>ADD'L FEE | | OR | TOTAL<br>ADD'L FEE | |
| AMENDMENT B | Total<br>(37 CFR 1.16(i)) | * | Minus ** | = | x | = | OR | x | = |
| | Independent<br>(37 CFR 1.16(h)) | * | Minus *** | = | x | = | OR | x | = |
| | Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL<br>ADD'L FEE | | OR | TOTAL<br>ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest found in the appropriate box in column 1.



# United States Patent and Trademark Office

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 13/194,946 | 07/30/2011 | 2628 | 462 | CI108USA | 20 | 3 |

**CONFIRMATION NO. 1966**

85449
CONVERGENT INSIGHT, LLC
19530 Telbir Ave.
Rocky River, OH 44116

**FILING RECEIPT**

|||||||||| *OC000000049234778* ||||||||||

Date Mailed: 08/12/2011

Receipt is acknowledged of this non-provisional patent application. The application will be taken up for examination in due course. Applicant will be notified as to the results of the examination. Any correspondence concerning the application must include the following identification information: the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please submit a written request for a Filing Receipt Correction. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections**

**Applicant(s)**

    Ronald Charles Krosky, Baltimore, MD;
    Brendan Edward Clark, Rocky River, OH;

**Power of Attorney:** The patent practitioners associated with Customer Number 85449

**Domestic Priority data as claimed by applicant**

    This appln claims benefit of 61/409,027 11/01/2010

**Foreign Applications** (You may be eligible to benefit from the **Patent Prosecution Highway** program at the USPTO. Please see http://www.uspto.gov for more information.)

Permission to Access - A proper **Authorization to Permit Access to Application by Participating Offices** (PTO/SB/39 or its equivalent) has been received by the USPTO.

**If Required, Foreign Filing License Granted:** 08/10/2011

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US 13/194,946**

**Projected Publication Date:**  Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No
**\*\* SMALL ENTITY \*\***

**Title**

OUTPUT PRODUCTION

**Preliminary Class**

345

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

## LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as

set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

## NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 13/194,946 | 07/30/2011 | Ronald Charles Krosky | CI108USA |

**CONFIRMATION NO. 1966**

85449
CONVERGENT INSIGHT, LLC
19530 Telbir Ave.
Rocky River, OH 44116

**FORMALITIES LETTER**

*OC000000049234779*

Date Mailed: 08/12/2011

# NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Filing Date Granted*

An application number and filing date have been accorded to this application. The application is informal since it does not comply with the regulations for the reason(s) indicated below. Applicant is given TWO MONTHS from the date of this Notice within which to correct the informalities indicated below. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

The required item(s) identified below must be timely submitted to avoid abandonment:

- Replacement drawings in compliance with 37 CFR 1.84 and 37 CFR 1.121(d) are required. The drawings submitted are not acceptable because:
  - More than one figure is present and each figure is not labeled "Fig." with a consecutive Arabic numeral (1, 2, etc.) or an Arabic numeral and capital letter in the English alphabet (A, B, etc.)(see 37 CFR 1.84(u)(1)). See Figure(s) 4. A brief description of the several views of the drawings (see 37 CFR 1.74) should be added or amended to correspond to the corrected numbering of the figures. See also 37 CFR 1.77(b)(7).

Applicant is cautioned that correction of the above items may cause the specification and drawings page count to exceed 100 pages. If the specification and drawings exceed 100 pages, applicant will need to submit the required application size fee.

Replies should be mailed to:

        Mail Stop Missing Parts
        Commissioner for Patents
        P.O. Box 1450
        Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or
visit our website at http://www.uspto.gov/ebc.

    If you are not using EFS-Web to submit your reply, you must include a copy of this notice.

    /sgorems/

_____

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

# OUTPUT PRODUCTION

## CROSS REFERENCE TO RELATED APPLICATIONS

This application claims the benefit of U.S. provisional application serial No. 61/409,027 filed on November 1, 2010, which is hereby wholly incorporated by reference.

## BACKGROUND

A user can play a video game on the video game console, where the console outputs content onto a display.  For example, the video game can be a management game played on a personal computer.  The management game can enable a player to take control of an entity, such as a company, and take control of that company.  The player can lead the company through different scenarios, manage the company in an open world, compete against other players, etc.

## BRIEF DESCRIPTION OF THE FIGURES

The accompanying drawings, which are incorporated in and constitute a part of the detailed description, illustrate various example systems, methods, and other example embodiments of various innovative aspects.  These drawings include:

Figure 1 illustrates one embodiment of a system that includes an analysis component  and a production component;

Figure 2 illustrates one embodiment of a system that includes a search component along with the analysis component and the production component;

Figure 3 illustrates one embodiment of a system that includes an interaction component, evaluation component, and gather component, along with the analysis component and production component;

Figure 4 illustrates one embodiment of a map area;

Figure 5 illustrates one embodiment of a system that includes an alteration component along with the analysis component and the production component;

Figure 6 illustrates one embodiment of a system that includes a collection component and a render component;

1

Figure 7 illustrates one embodiment of a system that includes an identification component and an approximation component along with the collection component and the render component;

Figure 8 illustrates one embodiment of a system that includes a monitor component, an appraisal component, and a decision component in addition to the collection component and the render component;

Figure 9 illustrates one embodiment of a system that includes an assessment component, determination component, filter component, and output component;

Figure 10 illustrates one embodiment of a system that includes an obtainment component, a gather component, a generation component, and a transfer component;

Figure 11 illustrates one embodiment of a system that includes an examination component, an identification component, a separation component, and a generation component;

Figure 12 illustrates one embodiment of a system that includes the examination component, the identification component, an approximation component, and a composition component;

Figure 13 illustrates one embodiment of a system that includes the examination component, the identification component, the composition component, and a database component;

Figure 14 illustrates one embodiment of a network;

Figure 15 illustrates one embodiment of a method that includes retaining a video game content at a first location and causing the video game content to be available to a second location;

Figure 16 illustrates one embodiment of a method that includes retaining a video game content at a first location and causing the video game content to be available to a second location;

Figure 17 illustrates one embodiment of a method that resolves a difference between maps;

Figure 18 illustrates one embodiment of a method that causes a map to be made;

Figure 19 illustrates one embodiment of a town grouping;

Figure 20 illustrates one embodiment of an interface;

2

Figure 21 illustrates one embodiment of a system that may be used in practicing at least one aspect disclosed herein;

Figure 22 illustrates one embodiment of a system, upon which at least one aspect disclosed herein can be practiced.

5    It will be appreciated that illustrated element boundaries (e.g., boxes, groups of boxes, or other shapes) in the figures represent one example of the boundaries.  One of ordinary skill in the art will appreciate that in some examples one element may be designed as multiple elements or that multiple elements may be designed as one element.  In some examples, an element shown as an internal component of another element may be implemented as an external component and

10   vice versa.  Furthermore, elements may not be drawn to scale.  These elements and other variations are considered to be embraced by the general theme of the figures, and it is understood that the drawings are intended to convey the spirit of certain features related to this application, and are by no means regarded as exhaustive or fully inclusive in their representations. Additionally, it is to be appreciated that the designation 'FIG.' represents 'Figure'.  In one

15   example, 'FIG. 1' and 'Figure 1' are referring to the same drawing.

The terms 'may' and 'can' are used to indicate a permitted feature, or alternative embodiments, depending on the context of the description of the feature or embodiments.  In one example, a sentence states 'A can be AA' or 'A may be AA'.  Thus, in the former case, in one embodiment A is AA, and in another embodiment A is not AA.  In the latter case, A may be

20   selected to be AA, or A may be selected not to be AA.  However, this is an example of A, and A should not be construed as only being AA.  In either case, however, the alternative or permitted embodiments in the written description are not to be construed as injecting ambiguity into the appended claims.  Where claim 'x' recites A is AA, for instance, then A is not to be construed as being other than AA for purposes of claim x.  This is construction is so despite any permitted or

25   alternative features and embodiments described in the written description.


DETAILED DESCRIPTION

Described herein are example systems, methods, and other embodiments associated with output production, such as (for example, but not limited to) producing a map for a video game.

30   One example type of video game is a racing video game.  While examples to the racing video game are described herein to describe aspects, it is to be appreciated other type of video games

can be employed according to those aspects, as well as other types of non-video game applications.

With this racing video game, a disk can be sold in a store that includes not only the application of the game (e.g., code used by a console to enable a user to play the game), but also game content. Example game content can include different cars and different tracks that the player can race the cars upon. Due to limited disk space, a limited number of tracks can be available on the disk. To obtain more tracks, players can spend additional funds for additional downloadable content that include other tracks. However, even with available downloadable tracks and tracks sold with the disk, a relatively limited number of tracks can be made available to the user. This relatively limited number of tracks can stem from a bottleneck in application development. Developer time, storage space and other finite resources may impose constraints on the possible maps that can be delivered to an end user. Despite this, an ever-increasing amount of data pertaining to the physical world – and portions thereof that would provide information capable of representing map areas desired by gamers or other parties interested in computerized modeling and representation of areas in space and time – may be readily available from the Internet and private (or semi-private) electronic storage (e.g. Internet mapping services to include pictorial imagery, street views, directions, and others), topographical maps such as those available from agencies (e.g., government, private, etc.), satellite imagery, public photograph galleries, private photograph galleries, military resources, weather services, space exploration agencies, user content provided websites (e.g., streaming video websites), traffic monitoring services, census bureaus and statistical data sources, international government equivalents, private and nonprofit entity resources, and soforth).

To alleviate this problem, a system can be used to create tracks for the user. These tracks can be created based upon a user request (e.g., automatically created). For example, a user can desire to race at a track not included in the game. The user can submit a request to his or her game console and in response to the request, information pertaining to the request can be gathered and a track can be generated (e.g., at the console, at a remote location, etc.). Where information pertaining to the request is incomplete, gaps can be filled with generic or location-based information to provide a track that transitions smoothly throughout play by the user. Information pertaining to the request, and in particular visual information (e.g., pictures from personal collections or online albums, mapping services including street views and pictures,

4